All the Justices concurring.

---

THE ST. LOUIS, FT. SCOTT & WICHITA RAILROAD COMPANY v. JOHN D. MARTIN.

1. CONDEMNATION PROCEEDINGS; *Disclaimer of Company — Costs Against It.* A railroad company instituted condemnation proceedings for the purpose of obtaining a right of way for its railroad, and prosecuted such proceedings until an award of damages was made by the board of commissioners. An owner of a piece of land through which the railroad was located, being dissatisfied with the amount of damages awarded to him, appealed from such award to the district court. In the district court, after the appearance of parties and the filing of pleadings by them, the railroad company, with the permission of the court and the consent of the owner of the land, withdrew its pleading and filed an absolute disclaimer of all claim of interest in or to any portion of the land, and the case was submitted to the district court upon the pleading of the owner of the land and the disclaimer of the railroad company, and the district court rendered judgment in favor of the owner of the land and against the railroad company, for costs. *Held,* Not error; that although for the recovery of damages merely, in the district court, the owner of the land may be considered the plaintiff and the railroad company the defendant; yet upon the entire condemnation proceedings taken as a whole, the railroad company is more properly the plaintiff and the owner of the land the defendant; and when the railroad company totally abandons such proceedings by filing a disclaimer, as in this case, and thereby virtually dismisses such proceedings, such dismissal will have the same effect as a dismissal by a plaintiff in an ordinary action,

and the judgment in the case should properly be rendered against the railroad company for costs.

2. APPEAL BY LAND-OWNER; *Judicial Notice of Matters in Transcript.* In condemnation proceedings instituted by a railroad company for the purpose of obtaining a right of way for its railroad, where the owner of a piece of land through which the railroad is located appeals from the award of the board of commissioners to the district court, and a full transcript of all the condemnation proceedings is filed in the district court, showing who instituted the proceedings and their nature and character, *held,* that the district court may take judicial notice of such transcript and all the papers in the case, and of all matters which the transcript and papers properly contain, and may determine from such transcript and papers who instituted the proceedings, and the nature and character of such proceedings.

### *Error from Greenwood District Court.*

THE nature of the action, and the facts, appear in the opinion. At the August Term, 1882, of the district court, plaintiff *Martin* had judgment against the defendant *Railroad Company,* which brings the case here.

*T. L. Davis,* for plaintiff in error.

*H. C. & H. F. Rizer,* and *Clogston & Fuller,* for defendant in error.

The opinion of the court was delivered by

VALENTINE, J.: This was a proceeding originally instituted by the St. Louis, Fort Scott & Wichita railroad company, to condemn a strip of land through Greenwood county, for the purpose of appropriating the same as a right of way for the company's railroad. The facts of the case are substantially as follows: On October 10, 1881, the St. Louis, Fort Scott & Wichita railroad company, by its attorney J. D. Hill, applied to the judge of the district court of Greenwood county to appoint three commissioners, under § 87 of the act relating to corporations, to lay off a route, and to make appraisements and assess damages along the line of the company's proposed railroad. The judge made the appointment as prayed for. On October 13, 1881, the commission-

ers qualified and proceeded to the performance of their duties. Among other things, they established the route of the company's proposed railroad across certain land belonging to John D. Martin, and assessed the damages thereto at the sum of $247. On December 8, 1881, they made their report, and within ten days thereafter, to wit, on December 18, 1881, Martin appealed from their determination to the district court, by filing the proper appeal bond. A full transcript of all the proceedings had in the case, up to the time of taking the appeal, was filed in the district court. On May 1, 1882, the railroad company appeared in the district court, by its attorney T. L. Davis, and filed a motion to compel Martin to file a petition in the case. This motion was sustained by the court, and on May 4, 1882, Martin filed his petition, entitling it "John D. Martin, plaintiff, v. The St. Louis, Fort Scott & Wichita Railroad Company, defendant," and setting forth therein substantially and in general language all the foregoing facts, and alleging further, that by reason of the appropriation of his land for railroad purposes, he was damaged in the sum of $850, and asking that judgment for that amount, with interest and costs, be rendered in his favor. On May 19, 1882, the railroad company answered this petition by filing a general denial. On August 7, 1882, the railroad company filed a disclaimer, setting forth that it disclaimed all right, title, interest and possession in and to or concerning the plaintiff's land. On August 18, 1882, the case came on for trial, and the railroad company, with the permission of the court and the consent of Martin, withdrew its general denial; and the case was then submitted to the court for decision upon the petition of Martin and the disclaimer of the railroad company, and without the introduction of any evidence by either party. The court decided the case in favor of Martin and against the railroad company, and rendered judgment therein that the railroad company had no right, title or interest in or to the land in question, and that Martin should recover his costs from the railroad company, taxed at $9.55. Of this judgment for costs, and for costs only, the railroad company now com-

plains, and asks that the judgment shall be reversed, and that judgment be rendered in its favor and against Martin, for costs.

We think the judgment of the court below is correct. In the proceeding as it was originally instituted, the railroad company was substantially the plaintiff and Martin substantially the defendant. The railroad company proceeded in the case until it procured, in legal contemplation, a right to the perpetual use of a portion of the plaintiff's land for a right of way for its railroad. Nothing further was to be done on its part to secure its object, except to pay the amount of damages awarded by the board of commissioners. But Martin was not satisfied with the damages awarded to him, and hence he appealed to the district court. His appeal, however, did not disturb any of the other proceedings. (See § 68 of the act relating to corporations.) His appeal enabled him merely to litigate the question as to the amount of damages which he should recover, and nothing else. It did not, and could not, disturb the company's right to its right of way across his land. If that right were to be disturbed, or in any way impaired, it could only be done with the consent of the railroad company itself. As the railroad company had already obtained all that it sought to obtain by virtue of the condemnation proceedings, it properly ceased to be the plaintiff, and Martin, who was seeking for a greater amount of damages, and who took the appeal to the district court, very properly became the plaintiff in that court. This has generally been recognized as the proper mode of treating the parties. At least this mode of treating them, on appeal in condemnation proceedings, has generally been recognized as the proper mode in Kansas. But exactly such a case as the present one has never before been brought to the attention of this court. After the condemnation proceedings were taken on appeal to the district court, the railroad company chose to abandon all its rights obtained by virtue of such proceedings, and to surrender them to Martin. It virtually chose to dismiss the condemnation proceedings which it had previously

48 — 29 KAS.

instituted, and virtually to accept a nonsuit. The abandonment of all the rights and interest which it had obtained by virtue of the condemnation proceedings, is in effect very similar to the dismissal of an ordinary action, or the acceptance of a nonsuit in an ordinary action. It is true that, with respect to the damages, and after the case was appealed to the district court, Martin would seem to be the plaintiff and the railroad company the defendant. But with respect to the entire proceedings, from the commencement to the conclusion, (the whole of the condemnation proceedings,) the railroad company would seem more properly to answer to the description or definition of a plaintiff, and Martin to the description or definition of a defendant; and hence the abandonment by the railroad company of everything connected with the condemnation proceedings, would more properly seem to be a dismissal or abandonment of the case by the railroad company than by Martin. A dismissal or abandonment by Martin would simply be a dismissal or abandonment of his appeal, leaving the railroad company to enjoy all its rights and privileges obtained under the condemnation proceedings. Martin had nothing but his appeal to dismiss or abandon. But he did not dismiss or abandon his appeal. He prosecuted it to the end, and until the railroad company agreed on its part to virtually abandon the whole condemnation proceedings and all the right which it had obtained under such proceedings.

An appeal from the award of condemnation commissioners is taken substantially in the same manner as an appeal is taken from a judgment of a justice of the peace; and we suppose when a transcript is filed in the district court of all the condemnation proceedings, that the district court may take judicial notice of such proceedings. The district court should take judicial notice how the proceedings were instituted, how they were brought into existence, and how they were brought into the district court, and of all things connected therewith; or, more properly speaking, the district court should take judicial notice of all such proceedings, so far as the same are embodied in the papers of the case, and

filed in the district court. Hence it would not be necessary on the trial of the case in the district court for either party to show by evidence any of the previous proceedings had in the case which the papers in the case already show. Of course, if the railroad company had not abandoned its proceedings, and Martin had insisted upon a judgment for damages, it would have devolved upon Martin to prove his damages. But Martin even then would not have been required to prove by evidence introduced on the trial, that the railroad company had instituted the proceedings, or the nature of such proceedings, or that such proceedings were condemnation proceedings; for the court would take judicial notice from the papers in the case of all these matters, leaving Martin simply to prove that he was damaged, and the nature and extent of his damages. On an appeal to the district court in condemnation proceedings, all that the owner of the land is required to prove is his damages. He will be required to show his interest in the land, and the nature and extent of the injuries to it, and of all else the court will take judicial notice from the papers in the case. But if the railroad company, after instituting condemnation proceedings, and after prosecuting the same until it had obtained interests in the property, should then say to the owner of the property: "We do not want your land; we do not choose to use it for railroad purposes, or for any other purpose, but return it to you;" and if the owner should not wish to prosecute the case any further for the damages already committed by the railroad company, we would think that it would be proper for the court to render a judgment in favor of the owner of the land and against the railroad company for costs. It would certainly seem to be useless to introduce evidence for the purpose of showing who originally instituted the proceedings, or the nature or character of the proceedings, when the papers in the case themselves sufficiently showed such facts. It would certainly seem to be useless to introduce evidence tending to show actual damages, when the owner of the property was no longer claiming a judgment for damages; and it would cer-

tainly seem fair and right and just, after a railroad company has instituted a kind of proceedings which necessarily requires the creation of costs, and then voluntarily abandons such proceedings, that the railroad company should pay all costs.

The judgment of the court below will be affirmed.

All the Justices concurring.