WILLARD E. STEWART V. NELS ROSENGREN, ADMINISTRATOR.

FILED NOVEMBER 19, 1902.  No. 12,287.

Commissioner's opinion, Department No. 2.

1. **Action: Two DEFENDANTS: ONE HAVING NO BONA-FIDE INTEREST: WANT OF JURISDICTION.** In an action within the purview of section 60, Code of Civil Procedure, in one county, against a defendant who has no real or bona-fide interest in the controversy between the plaintiff and a codefendant resident in another county, a summons can not be issued and served upon the latter in such other county; and he may avail himself of the want of jurisdiction over his person by timely plea thereof.

2. **Distinct and Several Bona-Fide Controversy Between Plaintiff and Other Defendant.** In such case, it is immaterial that there is a several and distinct bona-fide controversy between the plaintiff and the defendant resident in the county, if the other defendant has no interest or liability therein, and the resident defendant has no interest or liability in the controversy between the plaintiff and the defendant resident in the other county, since, under those circumstances, the causes of action are not properly joined.

3. **Distinct Contracts: CAUSE OF ACTION.** The mere fact that two distinct and several contracts with two different persons are for the performance of the same service, will not authorize causes of action against such persons upon their several contracts to be joined in one action.

4. **Judicial Notice: RECORD: PROCESS: RETURN: JURISDICTION: EVIDENCE.** A court will take judicial notice of its own record in the cause then before it, and the process and return by which it has acquired jurisdiction need not be put in evidence.

5. **Affirmative Error: TRANSCRIPT.** It is the duty of a plaintiff in error to bring to this court a sufficient transcript of the record to show error affirmatively; if there is not enough upon the face of the transcript to cause the judgment to appear necessarily erroneous, the proceedings in error must fail. *Bush v. Tecumseh Nat. Bank,* 64 Nebr., 451, distinguished.

ERROR from the district court for Lancaster county. Action in the nature of assumpsit for services as an attorney and counselor at law. Tried below before CORNISH, J. Verdict and judgment below for defendants. Plaintiff brings error. The vital question was as to misjoinder of parties. *Affirmed.*

*George A. Adams,* for plaintiff in error:

The test for determining whether an action is rightly brought in one county against the defendant found and served therein, so that others made defendants thereto may be served in another county, is whether the defendant served in the county in which the action is brought, is a bona-fide defendant to that action—whether his interest in the action and in the result thereof, is adverse to that of the plaintiff. *Barry v. Wachosky,* 57 Nebr., 534; *Hanna v. Emerson,* 45 Nebr., 708; *Miller v. Meeker,* 54 Nebr., 452, 454.

*Halleck F. Rose* and *George W. Simpson, contra:*

The service of summons upon a mere nominal defendant, confers no authority to issue a summons to another county for other defendants. *Dunn v. Haines,* 17 Nebr.,

560; *Cobbey v. Wright,* 23 Nebr., 250, 29 Nebr., 274; *Hanna v. Emerson,* 45 Nebr., 708; *Miller v. Meeker,* 54 Nebr., 452, 454.

POUND, C.

Stewart brought this action against Rosengren and Anderson in Lancaster county. Anderson resides and was served in that county, while Rosengren resides in Saunders county; and a summons was issued, directed to the sheriff of the latter county, and served upon him therein. In his answer, Rosengren set up these facts, among other things, and alleged that Anderson was a mere nominal defendant as to the controversy between himself and Stewart, without any real or substantial interest therein, and that he had been joined collusively for the purpose of enabling Stewart to sue Rosengren in another county than that in which he resided. The action was brought upon an alleged employment of plaintiff as an attorney at law by the "defendants and each of them." At the trial the jury were instructed that in order to hold Rosengren in Lancaster county there must have been a joint employment by Rosengren and Anderson, or such an employment as to create an identity of obligation as to the two defendants and make them both liable upon the same contract. A verdict was returned for the defendants; and the instructions just referred to are the chief ground of plaintiff's complaint in this court.

It is contended that the court erred in the instructions in question, because, under the pleadings and evidence, there was enough to show a several undertaking by each defendant and a bona-fide separate controversy between each of them and the plaintiff, and that if each is an actual and bona-fide defendant, with an interest adverse to the plaintiff, no more is required. We are not able to assent to this proposition. If jurisdiction over residents of other counties may be obtained in actions upon contracts by the easy device of misjoinder of causes of action, the whole object and purpose of section 60, Code of Civil Procedure,

will be thwarted. It is well settled that in an action, within the purview of said section 60 in one county, against a defendant who has no real or bona-fide interest in the controversy between the plaintiff and a codefendant resident in another county, a summons can not be issued and served upon the latter in such other county, and he may avail himself of the want of jurisdiction over his person by timely plea thereof. *Goldstein v. Fred Krug Brewing Co.*, 62 Nebr., 728, and cases cited; *Miller v. Meeker*, 54 Nebr., 452, 454. This rule is based upon the policy of said section 60, that defendants, except in cases specially provided for, should be sued in the county where they or some of them reside, and is intended to prevent evasion thereof by joining nominal defendants. But it is obvious that misjoinder of causes of action in order to get jurisdiction in a different county is fully as obnoxious to the policy of that section as joining nominal defendants. It will not do to say that the defendants should be left to allege misjoinder, in which case the plaintiff, having brought his defendant into court, would sever, and thus attain his object of evading the provisions of the Code. Such a course savors too much of fictitious proceedings by *ac etiam* and *latitat* for a modern court. Hence it was necessary for the plaintiff to show that both defendants were liable upon the contract on which he sued; for if Anderson was a nominal defendant as to the cause of action against Rosengren, without any real interest therein, the courts of Lancaster county could not try that cause of action on service in Saunders county merely because Anderson was joined as a defendant. In such a case, it is immaterial that there is a several and distinct bona-fide controversy between the plaintiff and the defendant resident in the county, if the other defendant has no interest or liability therein and the resident defendant has no interest or liability in the controversy between the plaintiff and the defendant resident in the other county, since causes of action against different persons upon separate and distinct several contracts can not be joined in one

action. , The causes of action joined must affect all the parties to the action. Bliss, Code Pleading, sec. 117. The mere fact that two distinct and several contracts with two different persons are for the performance of the same service, will not bring the causes of action based thereon within this rule. Each is liable upon his own several contract, and bound by its terms, without regard to the other.

But it is urged that the summons served upon Rosengren was not introduced in evidence, and that the record brought to this court does not show affirmatively that the facts were correctly set forth in the instructions of the trial court. The first of these contentions is obviously without merit. A court will take judicial notice of its own record in the cause then before it, and the process and return by which it has acquired jurisdiction need not be put in evidence. *St. Louis, Ft. S. & W. R. Co. v. Martin,* 29 Kan., 750; *State v. Ulrich,* 110 Mo., 350, 19 S. W. Rep., 656; *Searls v. Knapp,* 5 S. Dak., 325, 58 N. W. Rep., 807. The other is based on a misapprehension of *Bush v. Tecumseh Nat. Bank,* 64 Nebr., 451. We are not required to assume that service was had on all parties in Lancaster county because the process and return do not appear in the transcript. It is the duty of a plaintiff in error to bring to this court a sufficient transcript of the record to show error affirmatively. If there is not enough upon the face of the transcript to make the judgment inconsistent with the record, the proceedings in error must fail. Here the instructions in question have a proper basis in the pleadings, and there is nothing to show that the records of which the court took judicial notice did not sustain the defense pleaded. If the transcript shows a petition or an answer which, as it stands, would not sustain the judgment, and defendant in error relies on an amended pleading not contained or referred to therein, or if, in a case like the one at bar, the record merely shows service in one county, and defendant in error relies on an amended return, duly made, showing service elsewhere, not indicated in the record before us, he must bring the amended plead-

35

ing or return to this court by suggestion of diminution. We will not presume its existence nor its contents. Such cases would fall within the rule in *Bush v. Tecumseh Nat. Bank, supra.* On the other hand, where the judgment itself recites that it is rendered upon a pleading which might sustain it, and such pleading is not in the transcript. this court will enter judgment of affirmance. *Calmelet v. Sichl,* 54 Nebr., 97. The defendant in error is not bound to show that no error was committed, and, until a transcript is presented which of itself causes the judgment to appear necessarily erroneous, he need not supply any defects therein.

The trial court instructed the jury that if Anderson was a merely nominal defendant to the action, joined as such to obtain jurisdiction over Rosengren, plaintiff could not recover against either. There was evidence that plaintiff had endeavored to procure Anderson to suffer judgment to be entered against him; had assured him that no substantial claim was made as to him and that nothing would be done to molest or collect anything from him; and had stated that the object of making him a party was to reach Rosengren in Lancaster county. It is in evidence, also, that Anderson is a man of no means or property, while his codefendant is responsible. If this was true, and there was no actual and bona-fide prosecution of the alleged separate and distinct cause of action against Anderson, the verdict for each defendant is proper, and we need not consider whether Anderson would be liable under different circumstances. Courts are instituted to try actual controversies, and have no time to waste on moot causes or fictitious proceedings. *Brewington v. Lowe,* 1 Carter [Ind.], 21, 48 Am. Dec., 349;* *Chicago & G. T. R. Co. v. Wellman,* 143 U. S., 339. The errors alleged need not be considered, since the defenses passed upon suffice to dispose of the case.

It is recommended that the judgment be affirmed.

BARNES and OLDHAM, CC., concur.

* See note at end of case, page 352.—W. F. B.

By the Court: For the reasons stated in the foregoing opinion, the judgment of the district court is

AFFIRMED.