STEPHEN SCHULTZ, APPELLEE, V. WILLIAM C. WISE ET AL.,
APPELLANTS.

FILED MAY 17, 1913. No. 17,088.

1. Pleading: DEMURRER. Where misjoinder of causes of action is apparent on the face of a petition, the infirmity may be challenged by demurrer.

2. Guaranty: LIABILITY OF GUARANTOR. The liability of a guarantor does not extend beyond the terms of his guaranty.

3. Principal and Agent: CONTRACT: GUARANTY OF PERFORMANCE. An agent who binds himself by a contract containing the terms of his agency and specifying his duties and obligations does not increase his liability by signing a mere guaranty of performance on his part, after it has been executed by a third person.

4. Guaranty: LAW GOVERNING. Guaranties of performance and of payment are controlled by the same principles of law.

5. Action: JOINDER. A contract of agency and a third person's guaranty of performance on part of the agent are separate contracts, and causes of action thereon cannot be joined.

6 Equity: SUITS IN EQUITY. In a suit wherein the claim in litigation is purely equitable in its nature, the case should be determined according to the rules regulating the procedure and the practice in equity.

7. Principal and Agent: ACCOUNTING. A principal cannot deprive an agent of his right to an accounting in equity by the misjoinder of a cause of action on the contract of agency with a cause of action on a third person's guaranty of performance on part of the agent.

APPEAL from the district court for Kearney county: HARRY S. DUNGAN, JUDGE. *Reversed*.

*J. L. McPheely*, for appellants.

*Adams & Adams*, contra.

ROSE, J.

This is an action against an agent and his guarantor on the contract of agency and on the guaranty to recover an alleged balance of $5,039.91, due to the principal on all

transactions of the agent during the time he acted in that capacity, a period lasting about a year. Defendants, among other defenses, separately denied the existence of any indebtedness to plaintiff. A jury was impaneled, to whom were submitted testimony covering 365 pages of type-written matter, a great many exhibits, the contents of several books of account, a complicated petition pleading two contracts and containing plaintiff's statement of a complex and voluminous account, two answers in equity, two technical replies, and 12 pages of the trial court's instructions. Upon a joint verdict against both defendants for the exact amount of plaintiff's claim as pleaded, defendants appeal separately.

By contract in writing, executed January 29, 1909, Stephen Schultz, plaintiff, appointed defendant William C. Wise agent for the remainder of the year to sell farm implements, vehicles and harness at Heartwell. The terms of the agency and the duties and obligations of the agent were formally recited in the contract. It was signed by the principal and the agent, but not by defendant Albert Abrams, the guarantor. Among other stipulations, it was provided that the "agent shall receive one-half of the net profits of the business as he shall conduct it, the net profits to be that amount that represents the difference between the cost of the goods and that amount received from them as sold, less the expense of conducting the business." The following guaranty was indorsed on the back of the contract of agency: ·

"In consideration of the appointment of W. C. Wise as selling agent for Stephen Schultz, for the year 1909, ending January 1, 1910, we, the undersigned, hereby guarantee unto Stephen Schultz the fulfilment of every part of this contract, by W. C. Wise, that all money and notes received from the sale of goods will be turned over to Stephen Schultz, except that which rightfully belongs to W. C. Wise, that is his one-half the commission on sales made. Should W. C. Wise fail to properly turn over to Stephen Schultz or his assigns all notes and money re-

ceived for the sale of goods, less one-half the commission, we do hereby agree and bind *myself* to make good unto Stephen Schultz such shortage. Signed this 1st day of February, 1909. Albert Abrams, W. C. Wise."

In a petition designating the agent and his guarantor as joint defendants, plaintiff pleaded both contracts, alleged facts showing the amount due from the agent to plaintiff under the terms of the contract of agency, averred that guarantor was liable therefor, and prayed for a joint judgment against defendants for the agent's indebtedness. Defendants filed separate demurrers, each assailing the petition on the ground, among others, "that several causes of action are improperly joined." If misjoinder is apparent on the face of the petition, the infirmity was properly challenged by demurrer. *Porter v. Sherman County Banking Co.*, 36 Neb. 271. The trial court overruled the demurrers, but the rights asserted by defendants were preserved in the answers, and were presented to the trial court at every appropriate stage in the proceedings.

Guarantor did not sign the contract of agency. His liability was limited to his guaranty. The agent, by signing the guaranty, did not increase his liability nor make guarantor a party to the original contract. The paper signed by Abrams is a technical guaranty. He did not agree to perform the obligations imposed by the terms of the agency, but guaranteed, to the extent of his separate contract, that the agent would do so. The distinction between such contracts should always be recognized in enforcing them, where the guarantor asserts his legal rights. "Guaranties of performance and of payment," said the supreme court of Wisconsin, "are placed upon the same ground." *Hubbard v. Haley*, 96 Wis. 578. Guarantor's contract being a guaranty of performance, his obligations must be determined according to the principles applicable to the enforcement of a guaranty of payment. In the early history of this court the rights asserted by defendants in their demurrers were explained as follows: "A contract of guaranty is not a primary obligation to **pay**,

but is an undertaking that the debtor shall pay. The contract of the maker and sureties upon a promissory note is to pay the same. The guarantor is not a promisor with the maker. How, then, can he be sued with the maker of a promissory note upon an obligation to which he is not a party? The contract of guaranty is a separate and independant contract, and the liability of the guarantor is governed by the express terms of his contract. He cannot be joined in an action against the maker of a note, he not being liable as maker." *Mowery v. Mast & Co.,* 9 Neb. 445. These principles have been consistently followed ever since they were first announced. *Barry v. Wachosky,* 57 Neb. 534; *Ayres v. West,* 86 Neb. 297.

Both the petition of the principal and the answer of the agent show that the latter was entitled to a hearing in an accounting in equity. This right would not have been questioned, except for the erroneous misjoinder of the two causes of action. In *Wilcox v. Saunders,* 4 Neb. 569, 581, it was said: "When the claim is one purely of an equitable nature, the action must be determined according to the rules regulating proceedings and practice in equity." The trial court, by overruling the demurrer of the agent and by forcing him into a trial before a jury, deprived him of substantial rights. Guarantor pleaded, and adduced testimony tending to prove, that he was drunk when he signed his name. He interposed other separate defenses. Instructions relating thereto were mingled with instructions applicable alone to the cause of action for an accounting. The agent is entitled to findings and a decree by a court of equity, and to a trial *de novo* in the appellate court, in case of an adverse decision below.

For these reasons, the judgment of the district court is reversed and the cause remanded for further proceedings.

REVERSED.

SEDGWICK, J., dissenting.

The opinion holds that the defendants, Wise and Abrams, could not be joined as defendants in the same

action because the two contracts upon which they are liable are separate and distinct contracts, Abrams' contract being purely a contract of guaranty. The case was begun, it appears from the opinion, as an action at law, but the opinion rightly says that, under the conditions and considering the matters in litigation, both the petition and answer show that it is in fact an action in equity. In actions in equity all parties directly and indirectly interested should be made parties to the action, and the court should do complete equity to all parties, settling all questions that arise between them, growing out of the subject matter in litigation. Abrams is not liable unless Wise is, and, on the other hand, if Wise is liable, then Abrams is. There is no distinction between them in that respect. In an action against Abrams upon this claim, the evidence upon both sides would be precisely the same as it would be in an action against Wise. There is, then, so far as I can see, no reason under our code practice for not uniting them in this action in equity and settling the whole controversy at once, instead of making two suits, one against Wise, and then a suit against Abrams, in which, if there was already a judgment against Wise, Abrams could make no possible defense.