DAVID H. STAHMER ET AL., APPELLANTS, V. FRANK MARSH, STATE TREASURER, ET AL., APPELLEES.

276 N. W. 2d 87

Filed March 6, 1979.  Nos. 41790, 41791, 41792.

Wright & Simmons, for appellants.

Verne Moore, Jr. of Moore, Moore & Peters and James W. R. Brown of Fitzgerald, Brown, Leahy, Strom, Schorr & Barmettler, for appellee District 66 of Douglas County.

Shrout, Christian, Krieger & Merwald, for appellee Ralston School District.

Young, White, Ramsey, Wieland & Owens, for appellee Millard School District.

Heard before SPENCER, C. J., Pro Tem., BOSLAUGH, McCOWN, CLINTON, and WHITE, JJ., and VAN PELT, District Judge, and KUNS, Retired District Judge.

WHITE, J.

In this trio of lawsuits, the plaintiffs are residents and taxpayers of the School District of Omaha, Douglas County, Nebraska.  On behalf of themselves and persons similarly situated, they seek declaratory relief against the three principal defendants, School District 66 (Westside), Ralston School District, and Millard School District, all of Douglas County.  The School District of Omaha and various county and state officials are also named as defendants.  Each of the named defendants was a party defendant to each lawsuit.

The relief requested was a determination in each case that such parts of the three districts as may be within the city limits of the City of Omaha, are a part of the School District of the City of Omaha. Plaintiffs further prayed for reassignment of various tax revenues, this prayer directed at the county and state officials responsible for this function.

The defendants demurred and the trial court sustained the demurrer. Plaintiffs elected to stand on their petition. The petition was dismissed and the plaintiffs appeal.

In the order sustaining the demurrer, the trial court held that: (1) The plaintiffs had no standing to maintain the suit; (2) there is a defect of parties and a misjoinder of causes of action; (3) that boundaries of a metropolitan school district do not automatically expand by additions or annexations to a metropolitan city. We will discuss only assignments (1) and (2).

Do the plaintiffs have standing? We said in School Dist. of Gering v. Stannard, 193 Neb. 624, 228 N. W. 2d 600: "* * * this court has repeatedly held that legal school voters of school districts involved in district boundary proceedings have the right to maintain legal action with respect thereto in their own names." See, also, Cacek v. Munson, 160 Neb. 187, 69 N. W. 2d 692; State ex rel. Larson v. Morrison, 155 Neb. 309, 51 N. W. 2d 626. Whether or not, as the trial court held, the petition on its face disclosed conflicts in the class so that a class action suit could not be maintained under present Nebraska law is immaterial. See Blankenship v. Omaha P. P. Dist., 195 Neb. 170, 237 N. W. 2d 86. The fact is that by clear Nebraska authority plaintiffs have standing in their own right to maintain this action.

In each of the three suits, the plaintiffs, in their first cause, sought general relief as against all parties to the action including the three school districts. The second cause of action in each of the suits was

respectively directed only at School District 66 (Westside), the Ralston School District, and the Millard School District. It is elementary that causes of action may not be joined in one petition unless each cause of action affects all parties to the action. See, § 25-701, R. R. S. 1943; § 25-702, R. R. S. 1943; Sickler v. City of Broken Bow, 143 Neb. 542, 10 N. W. 2d 462. The trial court was correct in holding that there was a misjoinder of causes of action and properly sustained the demurrer.

The plaintiffs elected not to amend and the petition was dismissed. Any further ruling by the trial court with respect to any of the substantive issues involved in the pleadings was not properly before it and is not properly before this court. We do not make any determinations of the merits of plaintiffs' cause either on the statutory grounds they cite or on the constitutional grounds which they argue and which could be the subject of evidence in the event of further action. Because of the misjoinder of causes of action, the order of the trial court sustaining defendants' demurrer is affirmed and the cause dismissed.

AFFIRMED.

CLINTON, J., concurs in result.