THE RAVENNA BANK, A COMMERCIAL BANKING CORPORATION, APPELLEE, V. CUSTOM UNLIMITED, A PARTNERSHIP, DAVID NAVRATIL, AND RAMONA PABIAN, APPELLANTS.

391 N.W.2d 557

Filed August 1, 1986.   No. 85-316.

David W. Jorgensen of Nye, Hervert, Jorgensen & Watson, P.C., for appellants.

Moller Johnson, for appellee.

KRIVOSHA, C.J., BOSLAUGH, WHITE, HASTINGS, CAPORALE, SHANAHAN, and GRANT, JJ.

SHANAHAN, J.

Custom Unlimited, David Navratil, and Ramona Pabian appeal the money judgment entered by the district court for Buffalo County in favor of The Ravenna Bank. We reverse and remand for further proceedings.

Ravenna Bank brought a law action against Custom Unlimited, a partnership composed of Navratil and Pabian, and against Navratil and Pabian as individuals. In the first part

of its petition, paragraphs I to IV, Ravenna Bank alleged that Custom Unlimited, by Navratil and Pabian as partners of Custom Unlimited, had given the bank a promissory note on which Custom Unlimited was in default and owed $29,116.95 in principal and interest. The promissory note was dated January 18, 1983. In the second part of its petition, paragraph V, the bank alleged that, on May 27, 1980, Navratil and Pabian, as individuals, had given their "unlimited continuing guaranty" concerning Custom Unlimited's promissory note. Ravenna Bank prayed for "judgment against the defendants and each of them in the sum of $29,116.95." To the bank's petition, Custom Unlimited, Navratil, and Pabian demurred, alleging an improper joinder of causes of action. See Neb. Rev. Stat. § 25-806 (Reissue 1985). When the court overruled the defendants' demurrer, the defendants filed their answer but failed to assert their objection to the causes of action joined in the bank's petition. At the pretrial conference the district court authorized the defendants to "supplement the answer by preserving the demurrer previously filed and ruled upon." The defendants, on the morning of trial, filed a separate pleading entitled "Demurrer," alleging that the defendants did "preserve their Demurrer previously filed herein." At commencement of the bench trial, in open court counsel for the defendants called the court's attention to the demurrer just filed and again referred to a misjoinder of the bank's causes of action, that is, the action on the partnership promissory note joined with the action on the guaranty of that promissory note. In reference to the recently filed or second demurrer, the court responded: "I think we've already addressed it. I overruled it. We'll consider your demurrer as part of your answer. You may proceed." Without Ravenna Bank's objection to including the demurrer as an issue to be resolved, trial continued to the conclusion of evidence, when the district court entered judgment that there was "due to the plaintiff from the defendants on *the cause of action* as set forth in plaintiff's petition . . . the sum of $23,000.25." (Emphasis supplied.)

Custom Unlimited, Navratil, and Pabian contend their demurrer should have been sustained and separate trials ordered regarding the promissory note and guaranty. Ravenna

Bank counters that the defendants failed to preserve their demurrer and, having waived their demurrer, cannot question the district court's disposition of the demurrer.

We first consider whether the defendants have preserved the district court's ruling on their demurrer as a matter for appellate review. Under § 25-806 a defendant may demur to the petition "when it appears on its face . . . several causes of action are improperly joined." When a misjoinder does not "appear upon the face of the petition, the objection may be taken by answer, and if no objection be taken either by demurrer or answer, the defendant shall be deemed to have waived the same." Neb. Rev. Stat. § 25-808 (Reissue 1985). Where a defendant suffers an adverse ruling on a demurrer based on misjoinder of causes of action and proceeds to trial on the answer which does not reassert the issue of misjoinder, there is no question preserved for appellate review concerning joinder of causes of action, because the defendant has waived any error in the trial court's ruling on the demurrer alleging misjoinder of causes of action. See, *Ivins v. Ivins*, 171 Neb. 838, 108 N.W.2d 99 (1961); *Dinkel v. Hagedorn*, 156 Neb. 419, 56 N.W.2d 464 (1953); *Walker v. Collins Construction Co.*, 121 Neb. 157, 236 N.W. 334 (1931). Here, the district court contemplated and authorized an amended or supplemented answer, a matter reflected in the court's order on the pretrial conference. A trial court is granted broad discretion to amend a pleading in furtherance of justice. See Neb. Rev. Stat. § 25-852 (Reissue 1985). Ravenna Bank does not contend, and we are unable to conclude, that the district court abused its discretion by considering the demurrer (misjoinder of causes of action) as an amendment or part of the defendants' answer.

We now proceed to the defendants' contention that joinder of the cause of action on the promissory note with the cause of action on the guaranty constitutes reversible error.

Neb. Rev. Stat. § 25-701 (Reissue 1985) provides in pertinent part as follows: "The plaintiff may unite several causes of action in the petition, whether they be such as have heretofore been denominated legal or equitable, or both, when they are included in any of the following classes: . . . (2) contracts, express or implied." Neb. Rev. Stat. § 25-702 (Reissue 1985)

states: "Except for product liability actions, the causes of action so united must affect all the parties to the action, and not require different places of trial." Defendants maintain that the bank's petition asserts two causes of action which do not "affect all the parties to the action" and, thus, cannot be joined in one petition.

"A cause of action is judicial protection of one's recognized right or interest, when another, owing a corresponding duty not to invade or violate such right or interest, has caused a breach of that duty." *Sorensen v. Lower Niobrara Nat. Resources Dist.*, 221 Neb. 180, 193, 376 N.W.2d 539, 548 (1985).

Ravenna Bank's petition describes two transactions. There is no doubt that one transaction relates to Custom Unlimited's partnership note, while the second transaction involves the Navratil-Pabian guaranty. As we recently stated in *Chiles, Heider & Co. v. Pawnee Meadows*, 217 Neb. 315, 319, 350 N.W.2d 1, 4 (1984): " 'A guaranty is a collateral undertaking by one person to answer for the payment of a debt or the performance of some contract or duty in case of the default of another person who is liable for such payment or performance in the first instance.' . . ." Although the bank's petition did not separately state and number the two causes of action as required by Neb. Rev. Stat. § 25-805 (Reissue 1985) ("Where the petition contains more than one cause of action, each shall be separately stated and numbered"), the mechanical form in which the plaintiff divides a petition is irrelevant to the question of whether such petition states one or more than one cause of action. See *Kohler v. Ford Motor Co.*, 187 Neb. 428, 191 N.W.2d 601 (1971). Where more than one cause of action is both commingled in a pleading and improperly joined in such pleading, a defendant may demur to the misjoinder without first moving to have the causes separately stated and numbered. See, *Baker, Administrator v. Brial*, 185 Kan. 322, 341 P.2d 987 (1959); *Jewell v. Jewell*, 215 Minn. 190, 9 N.W.2d 513 (1943). We agree with the defendants that the bank's petition joined two causes of action.

While it is true that § 25-701 permits joinder of several causes of action based on contract, § 25-702 imposes a limitation, namely, the actions so united or joined "must affect all the

parties." Therefore, a petition joining two or more defendants may not assert multiple claims or causes of action unless each alleged claim or cause of action affects all joined defendants. See *Stahmer v. Marsh*, 202 Neb. 450, 276 N.W.2d 87 (1979).

To buttress their argument that there has been an improper joinder of causes of action, the defendants rely primarily upon *Barry v. Wachosky*, 57 Neb. 534, 77 N.W. 1080 (1899). In *Barry* the plaintiff attempted to recover on an unpaid promissory note executed by three of the defendants named in the petition. The plaintiff's petition also joined a fourth defendant who had, in a separate transaction, made a guaranty for payment of the note signed by the other defendants. The existing statute governing joinder provided that causes of action united in a petition "must affect all the parties to the action." Comp. Stat. Code of Civ. P. tit. VI, § 88 (1899). The trial court entered judgment for plaintiff, but this court reversed, holding that, since the "makers of the note" were not parties to the separate "contract of guaranty," the petition asserted two causes of action which could not be united "for the obvious reason that each one does not affect all the parties to the action." *Barry v. Wachosky, supra* at 538, 77 N.W. at 1081.

This court has never overruled the principle promulgated by *Barry*. As expressed in *Schultz v. Wise*, 93 Neb. 718, 721, 141 N.W. 813, 815 (1913): "The contract of guaranty is a separate and independant [sic] contract . . . . [N]ot being liable as maker," the guarantor "cannot be joined in an action against the maker of a note." Thus, in Nebraska the rule has developed that a plaintiff may not join two or more causes of action to impose liability on different parties as the result of separate contracts. See, *Fuchs v. Parsons Constr. Co.*, 166 Neb. 188, 88 N.W.2d 648 (1958); *Drainage District v. O'Neill*, 109 Neb. 552, 191 N.W. 685 (1922); *Stewart v. Rosengren*, 66 Neb. 445, 92 N.W. 586 (1902). "[C]auses of action involving different defendants cannot be joined unless each cause affects them all and they have a joint or common liability or interest." *Fuchs v. Parsons Constr. Co., supra* at 203, 88 N.W.2d at 656-57.

Although the bank does not assail the principle adopted in *Barry v. Wachosky, supra*, Ravenna Bank does seek to distinguish *Barry* from the present case. According to Ravenna

Bank, the promissors and guarantor in *Barry* were different persons, whereas in the present case the transactions in question "involve the same parties," and the defendants "are essentially the same people." Brief for Appellee at 6-7. Such identity, Ravenna Bank argues, authorizes joinder of the two causes of action because each cause of action affects the same defendants and, therefore, affects "all the parties," satisfying the requirement of § 25-702.

Ravenna Bank overlooks some fundamental law regarding partnerships. In Nebraska, "A partnership is an association of persons organized as a separate entity to carry on a business for profit." Neb. Rev. Stat. § 67-306(1) (Reissue 1981). "Under both statutory and case law in Nebraska, a partnership has long been considered as an entity separate and apart from the individual partners. [Citation omitted.] The Uniform Partnership Act adopted in Nebraska clearly mandates the entity theory of partnership. [Citations omitted.]" *State v. Siers*, 197 Neb. 51, 58, 248 N.W.2d 1, 6 (1976).

Applying the foregoing law of partnership to the present case, Custom Unlimited's promissory note was a contract creating a partnership debt owed the bank. The guaranty was a separate undertaking by Navratil and Pabian, individuals distinct from the partnership entity, that is, an agreement to pay Custom Unlimited's debt on default by that partnership.

The rule adopted in *Barry v. Wachosky, supra*, applies to the present case and may be restated, for present purposes, as follows: Where one defendant has executed a promissory note in favor of the plaintiff and a different defendant has made a guaranty regarding such promissory note of the other defendant, § 25-702 precludes the plaintiff's joining the two defendants in one petition containing two causes of action arising from the distinct contracts—the promissory note and corresponding guaranty. In the case before us the bank's petition contained two causes of action based on different contracts or undertakings and sought to impose liability on different defendants on account of distinct obligations resulting from those separate contracts. Under the circumstances joinder of the two causes of action was improper.

The district court should have sustained the demurrer based on misjoinder of causes of action.

Although the district court was incorrect and committed error in allowing joinder of the causes of action in question, we must determine whether such procedural error affected a substantial right of the partnership or guarantors. Absent prejudicial effect on an adverse party's substantial right, the Supreme Court may disregard a procedural error committed by a trial court. See Neb. Rev. Stat. § 25-853 (Reissue 1985). See, also, *Coomes v. Drinkwalter*, 183 Neb. 564, 567, 162 N.W.2d 533, 536 (1968) (" 'In the absence of substantial prejudice, a misjoinder of causes of action or defenses is not a ground for reversal' ").

When the district court entered judgment "on *the cause of action*," the fact that the bank's petition contained two causes of action results in uncertainty concerning the nature and extent of the judgment entered. On examining the judgment rendered, one must question the basis for that judgment. Was the judgment entered on the first cause of action concerning the debt created by the partnership promissory note? Or was the judgment entered on the second cause of action for the guaranty regarding the partnership's default in payment of its promissory note? The judgment's effect is imposition of joint and several liability on the partnership and the guarantors without reference to the precise basis for such liability. If judgment has been entered on the first cause of action, the assets of the guarantors are subjected to liability for payment consequent to a contract to which the guarantors were not a party, the partnership promissory note. On the other hand, if judgment has been entered on the cause of action involving the guaranty, the assets of the partnership are subjected to payment for liability accruing under the guaranty, an undertaking or contract to which the partnership was not a party. The matter would be complicated even further if the judgment were construed to apply to Navratil and Pabian as partners in Custom Unlimited. See Neb. Rev. Stat. § 25-316 (Reissue 1985) (necessity of a bill in equity to charge a partner's individual property for satisfaction of a judgment rendered against the partnership). See, also, *Security State Bank v. McCoy*, 219

Neb. 132, 361 N.W.2d 514 (1985) (a prior judgment against a partnership is a condition precedent to bringing an action against individual partners seeking recovery from the partners on partnership notes). In the present case, however, each of the obligors—the partnership and the guarantors—should be subjected to liability only for their particular undertaking. As a result of the judgment rendered against Custom Unlimited, Navratil, and Pabian, there is uncertainty at worst and ambiguity at best regarding the particular cause of action on which Ravenna Bank has recovered. Such speculation should not exist in adjudication of a litigant's liability. That the guarantors, on account of their guaranty, may ultimately have to pay Custom Unlimited's indebtedness is irrelevant to the procedural question being reviewed. It has been suggested that strict procedural rules precluding joinder tend to frustrate efficient decisionmaking in the judicial process. See F. James & G. Hazard, Civil Procedure §§ 10.1-10.12 (2d ed. 1977). Although lacking some flexibility, such procedural rules against misjoinder are designed to avoid "undue confusion and complexity." *McGrath v. White Motor Corp.*, 258 Or. 583, 591, 484 P.2d 838, 842 (1971). Allowing joinder of the causes of action in the present case has caused uncertainty, confusion, ambiguity, and speculation to be injected into the proceedings. Consequently, judgment of the district court is reversed, and this matter is remanded to the district court for further proceedings.

REVERSED AND REMANDED FOR FURTHER PROCEEDINGS.