**Jimmie F. BARNETT, Appellant,**

v.

**Mrs. Vivian COLLINS, Appellee.**

No. 3281.

Court of Civil Appeals of Texas.

Waco.

June 9, 1955.

Clair F. Achenbach, Dallas, for appellant.

A. C. Chaney, Cleburne, for appellee.

McDONALD, Chief Justice.

This case arose out of an automobile collision at the intersection of State Highway 22 and San Jacinto Street in the city limits of Whitney. Parties will be referred to as in the Trial Court. Plaintiff sued Defendant for $437.07 damages to his car, alleging that he, Plaintiff, was westbound entering Whitney on Highway 22 when Defendant

was southbound on San Jacinto Street; that Defendant was negligent in failing to keep a proper lookout and in failing to observe a stop sign at the intersection of Highway 22 and San Jacinto Street; that Defendant's car struck Plaintiff's car by reason of such negligence, causing $437.07 damages. Defendant answered the Plaintiff's suit by denial, and filed a cross-action alleging that she was cautiously proceeding south on San Jacinto Street, stopped at the stop sign located at the intersection of that street with Highway 22; that Plaintiff was traveling westward on Highway 22 at an excessive rate of speed far in excess of 30 miles per hour; crossed the center of said Highway and carelessly and negligently crashed into Defendant's car, causing $136.74 damages.

Trial was before the court without a jury, which entered judgment that Plaintiff take nothing upon his suit, and that Defendant recover $136.74 against Plaintiff on her cross-action. Plaintiff's motion for new trial was overruled. The Trial Court filed Findings of Fact and Conclusions of Law, summarized as follows:

### Findings of Fact

1) On 6 July 1954 the automobiles of Plaintiff and Defendant collided at the intersection of San Jacinto Street and Highway 22 in Whitney, Texas.

2) Defendant was traveling south on San Jacinto Street, approaching its intersection with Highway 22. Defendant stopped at the stop sign prior to entering Highway 22 from San Jacinto Street.

3) After looking both to the right and to the left, and after having seen Plaintiff's car approaching from the left on Highway 22, Defendant proceeded across the intersection.

4) Plaintiff was traveling west on Highway 22, approaching its intersection with San Jacinto Street. Plaintiff observed Defendant's automobile approaching the intersection, saw Defendant stop and then proceed across the intersection.

5) Plaintiff was unable to bring his car to a stop and swerved to the left and on to said Plaintiff's left-hand side of said road, where the automobiles collided.

6) At the time of the collision Plaintiff had had his left eye treated by a doctor in Waco, and was returning to Whitney, his left eye being completely bandaged at the time. The day was extremely hot, and Plaintiff was driving west, facing the afternoon sun.

7) Plaintiff was operating his car in excess of 30 miles per hour within a 30 mile zone.

8) The damage to Plaintiff's car was $437.07; the damage to Defendant's car was $136.74.

### Conclusions of Law

1) Defendant was not negligent in entering the highway.

2) Plaintiff was negligent in failing to operate his car at a speed not in excess of 30 miles per hour and in a manner such that he could have avoided striking Defendant.

3) Plaintiff should not recover damages because of his negligence. Defendant should recover her damages of Plaintiff on her cross-action.

Plaintiff appeals, contending: 1) That the Trial Court's judgment is fundamental error of law upon the manifest weight of the evidence. 2) That the Trial Court's findings of fact 1, 3, 4, 5, 6 and 7 (supra) are contrary to the evidence. 3) That the Trial Court's conclusions of law are erroneous.

 The rule is well settled that the judgment of a Trial Court will not be set aside if there is any evidence of a probative nature to support it, and that a Court of Civil Appeals, cannot substitute its findings of fact for those of the Trial Court if there is any evidence in the record to sustain the Trial Court's findings. See: Dansby v. Bryan College Traction Co., Tex. Civ.App., 271 S.W.2d 306; Cavanaugh v.

Davis, 149 Tex. 573, 235 S.W.2d 972; Woodward v. Ortiz, 150 Tex. 75, 237 S.W. 2d 286; Burrus Mills v. Phillips, Tex.Civ. App., 260 S.W.2d 427.

We have carefully reviewed the testimony in this record and have concluded that it is ample to support the findings and judgment of the Trial Court. Indeed the great weight of the evidence supports the Trial Court's findings, including in many instances the testimony of both Plaintiff and Defendant as well as the physical facts.

It follows that all of Plaintiff's points are overruled and the judgment of the Trial Court is affirmed.