**REPUBLIC CASUALTY COMPANY,**
Appellant,

v.

**Manuel OBREGON et al., Appellees.**

**No. 3356.**

Court of Civil Appeals of Texas.

Waco.

April 19, 1956.

Rehearing Denied May 10, 1956.

Locke, Locke & Purnell, J. L. Shook, Dallas, for appellant.

Walter Stout, San Antonio, Woodrow Curtis, Pearsall, Chas. S. Johnson, San Antonio, for appellees.

McDONALD, Chief Justice.

This is a declaratory judgment suit. Parties will be referred to as in the Trial

Court. Plaintiff, Republic Casualty Company, brought this action for a declaratory judgment complaining of Manuel Obregon, Reimundo Carrillo, a minor, and his parents. Plaintiff alleged that it is a casualty insurance company; that Reimundo Carrillo was a twelve year old minor who, it is claimed, was injured by Obregon's truck on 30 May 1953; that Obregon owns a farm near Dilley in Frio County. Plaintiff alleged that it had issued to Obregon a liability policy of insurance on his truck, the pertinent coverage of such was: A) To pay on behalf of Obregon all damages caused by accident arising out of the use of the truck, and B) to pay all medical bills for persons sustaining bodily injury, caused by accident while in or upon the truck. The policy further provided:

"Exclusions—This policy does not apply under coverages A and C, to bodily injury to or sickness, disease or death of any employee of the insured while engaged in the employment, other than domestic, of the insured * * *"

Plaintiff further alleged that Obregon's truck insured by its policy, while being driven by Obregon in connection with the harvesting of onions on his farm, was involved in an accident wherein Reimundo Carrillo claims to have been injured; and that young Carrillo was an employee of Obregon. Plaintiff asked the Trial Court to determine under the Declaratory Judgment Act, and the law generally, that young Carrillo was an employee of Obregon, and therefore his injuries could not be recovered for under the policy.

The case was tried before the court without a jury. The Trial Court found: 1) That Reimundo Carrillo was not an employee of Obregon. 2) That at no time material to plaintiff's declaratory judgment action did the employer-employee relationship exist between Obregon and Reimundo Carrillo. 3) That at the time of the injury to Reimundo Carrillo by Obregon's operation of his truck, Reimundo Carrillo was not engaged in any employment for Obregon. 4) That plaintiff is obligated to defend Obregon against any action brought by Reimundo Carrillo or his parents occasioned by the accident referred to, 5) and to pay any judgment for damages occasioned by the accident, within the limits of the policy, which might be obtained by the Carrillos against Obregon.

The plaintiff Insurance Company appeals, contending that the Trial Court erred in all of its findings and that it should have found that Reimundo Carrillo was engaged in the employment of Obregon at the time of the accident and entered declaratory judgment that plaintiff was not liable on the policy of insurance it had issued to Obregon.

The exclusion contained in the policy of insurance issued by plaintiff is:

"This policy does not apply * * * to bodily injury to * * * any employee of the insured while engaged in the employment * * *"

The sole question for determination, therefore, is: Was Reimundo Carrillo injured while engaged in the employment of Obregon?

The Trial Court, which heard the evidence and viewed the witnesses, held that young Carrillo was 1) not an employee of Obregon at any time material to the declaratory judgment action, and 2) that at the time of Carrillo's injury he was not engaged in any employment for Obregon.

A resume of the evidence in the case follows: Obregon owned a farm near Dilley, Texas, and was raising onions on such farm at the time of the accident; that the gathering of the onions had been in progress about two weeks at the time of the accident; that Reimundo Carrillo, aged 12, had been picking onions for Obregon during this period; and was paid for same at the rate of 20 cents per basket of onions picked; Reimundo was sometimes taken to the Obregon place by the father of one of the other boys and sometimes by Obregon —and went home in the same manner; Reimundo had no talks with Obregon before he started working picking onions on his place; the Ortiz boys just told Rei-

mundo that Obregon paid 20 cents per basket for onions picked; Reimundo just went to work picking and at the end of the first week was paid 20 cents for each basket picked; Reimundo didn't know how to pick onions before picking on Obregon's place; Obregon or any other person did not show him how; he just started picking and learned by himself; there was no agreement of any sort between Reimundo and Obregon; there were no certain hours; no supervision; and no control; Reimundo picked onions as he pleased; he kept a count of his own baskets which he picked; he was not hired by the day, hour, week or for any special time; he came and left when he pleased; he would take off to go swimming in a nearby tank and then get back on the job; the arrangement seemed to be for Reimundo to pick onions, and receive 20 cents per basket for each basket picked; Reimundo was to pick the onions, put them in baskets and leave them in the field; it was Obregon's job to gather up the baskets; he gathered them up with his pickup and took them to an old house on the place where they were stored. Reimundo was hurt on Saturday, May 30th; Reimundo and the other boys had finished work for the day and were not working; and were not going to work any more that day; but were still in the field; Obregon came over into the field in the truck to take some onions which had been picked and were in baskets, over to the storehouse; he loaded the onions on the truck; Reimundo and the other boys got onto Obregon's truck to ride to the house; it was on this ride that the accident occurred and Reimundo was injured.

In a case tried before a court without a jury, the court sits as a trier of the facts as well as the law and stands in the same relation to the factual aspect of the case as does a jury when one is had. He is the judge of the credibility of witnesses and the weight to be given their testimony, and his findings are entitled to the same weight and conclusiveness on appeal as the verdict of a jury. And where there is some evidence of a substantial and probative character to support the Trial Court's findings and judgment, they are controlling upon a reviewing court and will not be disturbed even though the appellate court might have reached a different conclusion therefrom. Taylor v. Stanford, Tex.Civ.App., 229 S.W.2d 427; 3B Tex. Jur. p. 457.

Manuel Obregon testified that prior to the time of the accident Reimundo and the other boys had finished for the day and were not working for him; Obregon further testified that he was not obligated in any manner to furnish transportation for the boys.

From the foregoing record before us we cannot say that the Trial Judge was *not* justified in finding that young Carrillo was not an employee of Obregon at any time material to plaintiff's declaratory judgment action, or that at the time of young Carrillo's injury he was not engaged in any employment for Obregon.

Moreover, the evidence is uncontradicted that Reimundo and the other boys had stopped gathering onions for the day and simply joined the other boys in riding over to the old house where Obregon stored the baskets of onions. There was no obligation on the part of Obregon to furnish transportation anywhere for Reimundo or any of the other boys. The boys, including Reimundo, had completed their tasks and were simply on the truck for a ride—and as such were not covered by the *Exclusion* as contended by plaintiff Insurance Company.

Further, it must be remembered that plaintiff brought the suit asking for a declaratory judgment that it was not liable on the insurance policy it has issued to Obregon. It was plaintiff who alleged that Reimundo Carrillo was not an employee of Obregon at the time of the accident and it was incumbent on plaintiff to prove such allegation by a preponderance of the evidence. Not only has plaintiff failed to do such, but we think the evidence is undisputed that the accident occurred at a time when Reimundo was not engaged in the employment of Obregon.

The case of Francis v. Scheper, 326 Mich. 441, 40 N.W.2d 214, 216, is almost identical to the case at bar. The exclusion in the Scheper case is to " * * * *any employee of the insured while engaged in the employment * * * of the insured."* In this case Francis worked for Houck. He was injured while riding home as a passenger after work in Houck's car. Francis testified that he left his employment at 4:30, and that of his own volition and choice he then became a passenger in Houck's car to ride home. The Supreme Court of Michigan said that Houck did not require Francis to ride home in his car, but if Francis wanted to it was up to him; that the employer-employee relationship between Houck and Francis terminated at 4:30 p. m. The court held Francis not to be an employee at the time of the accident within the meaning of the exclusion excluding an employee while engaged in the employment of the insured.

From the foregoing it follows that we think the record supports the findings of the Trial Court, and that the judgment of the Trial Court should be affirmed.