**Ike MORSE, Appellant,**

v.

**Mrs. Nula SOUTHERLAND et al., Appellees.**

No. 3603.

Court of Civil Appeals of Texas.
Waco.

Nov. 20, 1958.

Rehearing Denied Dec. 18, 1958.

**710**

Robert W. Brown, Gatesville, for appellant.

Tom R. Mears, Gatesville, for appellees.

McDONALD, Chief Justice.

Plaintiffs Mrs. Nula Southerland and her children filed this cause against Ike Morse as defendant, as a trespass to try title suit to a certain 100.2 acres of land in Coryell County; for injunction restraining defendant from molesting a certain fence, and from further trespassing on plaintiffs' property. Trial was before the court without a jury, who after hearing, rendered judgment for plaintiffs for title and possession of the land sued for, and establishing the boundary as contended for by plaintiffs, and enjoining defendant from interfering with the fence, the well or any other premises of plaintiffs.

Plaintiffs and defendant are adjoining property owners and the controversy arises as to the boundary between the tracts of plaintiffs and defendant at the southern extremity of their properties. The area in controversy is very small but has located thereon a well. The following schematic diagram may be useful in an understanding of the facts and the contentions of the parties:

**SCHEMATIC DIAGRAM**

Southerland Tract      Morse Tract

Survey Line ← — — — A

William Walker Survey →
W. J. Robinson Survey

A–B Fence destroyed by defendants
A–C Fence erected by defendants
A–B–C Area in dispute

The Trial Court filed Findings of Fact and Conclusions of Law, pertinent portions of which are as follows:

"In 1936 the Federal Land Bank owned the property that belonged to plaintiffs in this case, and that they erected a fence on the East side as the boundary line of the land, which now joins the land that is owned by defendant. In 1937 the Federal Land Bank conveyed said land to N. E. Hardie and in 1942 N. E. Hardie conveyed said land to H. L. Southerland and Mrs. Nula Southerland is the surviving widow of H. L. Southerland and the other parties plaintiff are the children of the Southerlands. At the time of the conveyance to Hardie and the conveyance from Hardie to Southerland, the said land was fenced on all sides, representing the boundary line of the hereinafter described property:

"All that certain tract or parcel of land situated in Coryell County, Texas, to-wit: 100.2 acres of land, more or less, out of the William Walker Survey * * * and more particularly described by metes and bounds as follows, to-wit: * * *"

The court also finds that during the time the property was owned by Hardie that he dug a well, known as a spring well, which is in question herein, and walled said well up and said well is situated and located within the boundary of the Southerland property as conveyed to them and not any property that is owned by the defendant.

The court also finds that the above described property has been held adverse to the defendant and to all others from 1937 to 1957 and that the plea of the 10 year limitation as pleaded by the plaintiff is in all things sustained. Also as to all the lands within the boundary of the fence surrounding the property of the plaintiffs, the court also finds that the fence was erected in 1936 as the east boundary line of said property belonging to the plaintiffs, and that the defendant had no right, title, or interest in said fence. The court further finds that on or about 15 August 1957, the defendant took down a portion of the fence surrounding plaintiffs' property on the east of plaintiffs' property and between the property of the plaintiffs and defendant and that the defendant, had no right to molest said fence in any way and has no right, title or interest in said well, nor in any of the land that is enclosed by the fence surrounding the Southerland property. The court further finds that neither side is entitled to damages in this case, but that the plaintiffs are entitled to judgment restraining the defendant Ike Morse from in any way interfering with, injuring, tearing down or molesting the fence between his property and the Southerland property or any other fence surrounding the Southerland property.

The court also finds that the above described land has been properly severed from the public domain of the State of Texas and plaintiffs' common source of title is from Federal Land Bank and N. E. Hardie.

Conclusions of Law.

If there is any discrepancy in the fieldnotes of the land described above, that same has been held adversely to the defendant, Ike Morse, for a period of more than ten years and the said title by limitation has fully ripened before the institution of this suit.

The court further concludes that the plaintiffs are entitled to permanent injunction restraining same as pleaded and prayed for in plaintiffs' first and second amended petitions.

Defendant appeals, contending:

1) The Trial Court erred in overruling defendant's exceptions 1 and 2 to plaintiffs' amended original petition, wherein plaintiffs alleged that defend-

ant had torn down and moved part of their fence, without alleging where the fence was located.

2) The Trial Court erred in granting an injunction against defendant "restraining him from interfering with said fence and other premises that is enclosed by fence, etc.", for the reason that said injunction does not describe the location of such fence with a definite description and comply with Rule 683, Texas Rules of Civil Procedure requiring: "Injunction * * * shall be in specific terms; shall describe in reasonable detail and not by reference to the complaint or other document, the act or acts sought to be restrained."

3) The Trial Court erred in failing to conclude as a matter of law that the description in plaintiffs' petition as to location of the fence is too indefinite to support a judgment or an injunction against defendant from moving and interfering with the fence.

4) The Trial Court erred in not concluding as a matter of law that under the ten year statute of limitation it is not necessary for a suit to be brought in ten years after adverse possession was taken in order for the statute to be tolled.

■ Defendant's contentions 1, 2 and 3, complain of the description given in plaintiffs' pleadings and in the court's judgment, of the property in controversy, and upon which the fence which defendant is enjoined to not interfere with is located. This complaint is grounded on the fact that a portion of the area in dispute (see schematic diagram supra) lies south of the William Walker Survey and within the W. J. Robinson Survey, whereas plaintiffs in their petition, and the court in its judgment described the property as being in the William Walker Survey. While the fact that a small portion was located in the W. J. Robinson Survey was not noted, the property was described by metes and bounds, and as being enclosed by a fence. The metes and bounds description positively and affirmatively placed the area in controversy in the Southerland tract of land. We think the description is adequate. Furthermore, the plaintiffs' plea of title under the ten year statute of limitation (R.S. Art. 5510) is supported by possession for the required period, and by claim of ownership under a deed, and even though the deed did not by its fieldnotes actually include the disputed tract, the tract is acquired by the adverse possessor under such circumstances. Tarver v. Naman, Tex.Civ.App., 265 S.W.2d 852, W/E Ref. NRE; McCabe v. Moore, Tex.Civ. App., 38 S.W.2d 641, W/E Dis., 2 Tex.Jur. 125; Major v. Meyers, Tex.Civ.App., 111 S.W.2d 1184.

■ Rule 683, T.R.C.P. provides that every injunction order shall set forth the reasons for its issuance; shall be specific in terms; shall describe in reasonable detail * * * the acts sought to be restrained. In O'Daniel v. Libal, Tex.Civ. App., 196 S.W.2d 211, 214, this court said: "The purpose of the rule * * * is to inform a party just what he is enjoined from doing and the reason why he is so enjoined." The Trial Court's judgment does just that. It provides that the Southerlands own the land in controversy, and the well, and the fence, under the ten year statute of limitation; that defendant had been tearing down the fence between his property and plaintiffs' property and that he had no right to do so, and restrains and enjoins him from interfering with, injuring tearing down or molesting the fence. We think the court's order was in complete compliance with Rule 683. Defendant had been tearing the fence down; he was ordered to desist from so doing. In K & G Oil Tool Co. v. G & G Fishing Tool Service, Tex., 314 S.W.2d 782, 791, the Supreme Court says:

"* * * there are a number of ways in which a decree may be worded in cases such as this, and certain meth-

ods may be superior to others * * * Future problems of enforcement applicable to most every type or form of injunction may be imagined. The decree is, however, to be interpreted in the light of its recitals and findings. It was found that respondents were wrongfully making a tool substantially the same as that of petitioners. They were ordered to desist. The decree is sufficiently definite to be enforced."

Defendant's contentions 1, 2 and 3 are overruled.

Defendant's 4th contention complains of the Trial Court's finding that the property had been held by the plaintiffs adverse to defendant and all others for more than ten years. The property originally belonged to the Federal Land Bank. They enclosed it with a fence, and sold it in 1937 to Hardie. Hardie claimed all property within the fence, and sold to the Southerlands in 1942. The Southerlands have claimed the property since such date and testified to doing all necessary to acquire title thereunder. There was corroborating evidence to the same effect. The Trial Court found that plaintiffs held adversely to defendant for more than ten years and that title by limitation was fully ripened before the institution of this suit.

The rule is well settled that the judgment of the Trial Court will not be set aside if there is any evidence of a probative nature to support it, and that a Court of Civil Appeals cannot substitute its findings of fact for those of the Trial Court if there is any evidence in the record to sustain the Trial Court's findings. Cavanaugh v. Davis, 149 Tex. 573, 235 S.W.2d 972; Kingelin v. Rogers, Tex.Civ.App., 259 S.W.2d 245; Barnett v. Collins, Tex.Civ.App., 280 S.W.2d 639; Republic Casualty Co. v. Obregon, Tex.Civ.App., 290 S.W.2d 267, W/E Ref. NRE. Defendant's 4th contention is overruled.

The judgment of the Trial Court is affirmed.