118 N.J. Super. 551 (1972)
289 A.2d 267
CONCORD INSURANCE COMPANY, PLAINTIFF-APPELLANT,
v.
CATHERINE MILES, INDIVIDUALLY, AND CATHERINE MILES, ADMINISTRATRIX OF THE ESTATE OF CHARLES MILES, DECEASED, BENJAMIN CENSULLO, ADMINISTRATOR AD PROSEQUENDUM OF THE ESTATE OF DAVID M. CENSULLO, DECEASED, ROBERTA S. MOORE, ADMINISTRATRIX OF THE ESTATE OF REBECCA MOODY, DECEASED, ATLANTIC CADILLAC-PONTIAC CO., A NEW JERSEY CORPORATION, CHARLES M. SEWELL, JULIAN J. MELONI AND RAE CAROLE BEUTTEL, DEFENDANTS-RESPONDENTS.
Superior Court of New Jersey, Appellate Division.
Argued March 21, 1972.
Decided April 5, 1972.
*552 Before Judges GOLDMANN, HALPERN and LORA.
*553 Mr. Robert S. Greenberg, argued the cause for appellant (Messrs. Serata and Kleiner, attorneys).
Mr. Lewis B. April, argued the cause for respondent Benjamin Censullo (Messrs. Cooper, Greenberg, Katzman and Todd, attorneys).
Mr. Mark Vasser, argued the cause for respondent Julian J. Meloni.
Mr. John G. Himmelberger, Jr., argued the cause for respondent Atlantic Cadillac-Pontiac Co. (Messrs. DeBrier and Wallen, attorneys).
PER CURIAM.
This is a declaratory judgment action brought by appellant Concord Insurance Company against its own insured, Catherine Miles, individually and as administratrix of the estate of her son Charles Miles, and others, claiming that it was not obligated under its automobile liability policy to defend or to pay any judgments obtained against the estate of Charles Miles who was driving his mother's car when he was involved in a three-car accident which resulted in the death of Charles, David Censullo and Rebecca Moody, and injury to Julian J. Meloni.
In its complaint for declaratory judgment plaintiff contended that Charles Miles was driving his mother's car without her consent, knowledge or permission, and without her authorization either express or implied, and hence was not an insured under the terms of the policy.
The pretrial order recited that plaintiff sought a declaration that it had no obligation under the terms of the policy, and set forth as its factual and legal contentions that at the time of the accident Charles Miles had no permission, express or implied, to operate Catherine Miles' vehicle; that he was not a person insured under the terms of the policy, and therefore it had no obligation to enter a defense on behalf of *554 either the estate or Catherine Miles in her capacity as administratrix of the estate, and should not be obligated to pay any judgments entered against them.
The trial judge, sitting without a jury, ruled that the burden of proof was upon plaintiff and not the claimants, and finding the proofs in equipoise, he held that it had failed to carry its burden of proof and thereupon entered the judgment here under appeal.
There is a divergence of judicial opinion on the question of which party carries the burden of proof in a declaratory judgment action brought by an insurance company seeking an adjudication of noncoverage.
The Declaratory Judgment Act, N.J.S.A. 2A:16-50 et seq., is silent as to such burden of proof and it would appear that no New Jersey case has dealt with that issue where the insurer brings a declaratory judgment action.
The so-called New Hampshire rule, on which plaintiff relies, holds that the burden of proving that the use of the car was within the coverage of the policy is on the insurer's adversary in a negligence action, and the mere reversal of the parties in the declaratory judgment action does not change that burden. Travelers Ins. Co. v. Greenough, 88 N.H. 391, 190 A. 129, 130 (Sup. Ct. 1937). In Borchard, Declaratory Judgments (2d ed. 1941), at 404-409, 407, it is stated that "the burden of proof in actions for a declaration is not automatically on the plaintiff * * * but on him who `without evidence would be compelled to submit to an adverse judgment before the introduction of any evidence,' or who asserts the affirmative of an issue." 20 Appleman, Insurance Law and Practice, § 11376 at 197-198, states that the burden of proof is not imposed according to the priority in taking legal steps to determine conflicting issues (citing the Greenough case); that the burden of proof is considered to rest where it would have been imposed if the insurer had chosen to defend a suit by the insured instead of bringing an action for declaratory judgment. See cases cited therein, and Annotation "Burden of proof in actions under general *555 declaratory judgment acts," 23 A.L.R.2d 1243 (1952); 22 Am. Jur.2d, Declaratory Judgments, § 98 at 965 (1965).
However, there is ample authority that the burden of proof is the same as in ordinary actions at law or in equity: the person seeking the declaratory relief must prove his case, as must any plaintiff, and the burden of proof lies with him. Anderson on Declaratory Judgments (2d ed 1951), § 375; 62 Harv. L. Rev. 787, 836 (1949); Continental Cas. Co. v. Padgett, 123 F. Supp. 847 (D.C.S.C. 1954); Liberty Mutual Ins. Co. v. Sweeney, 216 F.2d 209 (3 Cir.1954), citing with approval 6A Moore's Federal Practice (2d ed. 1953), § 57.31; Pacific Portland Cement Co. v. Food Machinery and Chemical Corp., 178 F.2d 541, 547 9 Cir.1949).
As stated in Appleman, op. cit.,
The question as to who must sustain the burden of proof depends upon the condition of the pleadings and character of the issues at the time the question is presented. Where the action is brought by the insurer, the burden has frequently been placed upon it, just as upon any other plaintiff, particularly where the defendant seeks no permanent relief.
See also Borchard, op. cit., at 404-405 to the same effect.
Generally, the language of the omnibus clause of an insurance policy is to be construed broadly in favor of the insured and injured persons to effectuate the strong legislative policy of affording financial protection to innocent victims of an automobile accident. Mazzilli v. Accident & Casualty Ins. Co. of Winterthur, 35 N.J. 1, 7-8 (1961); Chicago Ins. Co. v. Security Ins. Co. of Hartford, 111 N.J. Super. 291, 295 (App. Div. 1970).
It is our considered opinion that we should apply the general rule that one who brings an action of this kind has the obligation of proving the facts alleged in the complaint.
We agree with the trial judge that plaintiff failed to establish that Charles Miles was driving his mother's car without either her express or implied permission. At best, *556 and as the judge observed, the proofs were in equipoise. The only witness called was Mrs. Miles, who testified that she had never given her son permission to drive and, in fact, had told him on prior occasions that he could not use the car, and that the car had been taken on the day in question without her knowledge or consent. However, on cross-examination Mrs. Miles admitted answering sworn interrogatories wherein she indicated permission had been given to her son on previous occasions to drive the car for his own pleasure and convenience.
Defendant Julian J. Meloni, a passenger in the Miles' automobile, relying upon representations by appellant's agents, partially settled his case with the insurance carrier for co-defendant Atlantic Cadillac-Pontiac Co. Appellant now argues that Meloni, as a stranger to the insurance contract between it and Mrs. Miles, cannot get the benefit nor does he have a legal right to an estoppel against it. We do not agree. Meloni's attorney had received a letter from plaintiff dated June 13, 1968 containing an indemnification agreement for payment of $2,000 under the medical coverage of the Miles' policy. Meloni had shortly before requested his attorney to settle a portion of his case under the policy of co-defendants Atlantic Cadillac, and, before doing so, his attorney spoke to plaintiff's attorney and informed him of that desire. At no time did plaintiff indicate that it was not going to pay under the Miles' policy and, accordingly, payments were made by Atlantic Cadillac under its policy. Subsequent to the settlement plaintiff for the first time indicated it was going to disclaim under the Miles' policy. Under the circumstances, the trial judge properly found an estoppel as well as prejudice to defendant Meloni's position.
Affirmed.