JAMES RAY MOORE, APPELLANT, V. GARY E. GRAMMER ET AL., APPELLEES.
442 N.W.2d 861

Filed July 14, 1989.

James Ray Moore, pro se.

Robert M. Spire, Attorney General, and Marie C. Pawol for appellees.

HASTINGS, C.J., BOSLAUGH, WHITE, CAPORALE, SHANAHAN, GRANT, and FAHRNBRUCH, JJ.

PER CURIAM.

James Ray Moore, pro se, appeals from an order of the district court for Lancaster County sustaining the appellees'

demurrer and dismissing the appellant's petition.

The appellant, an inmate at the Nebraska State Penitentiary, filed this action on July 21, 1987, seeking relief with regard to his transfer to a different prison work assignment. In his petition, the appellant contended that he was dismissed from his prison job without the required procedural due process guarantees of notice and a hearing. On September 3, the appellees, the warden and assistant warden of the Nebraska State Penitentiary, filed a demurrer on the basis that the appellant possessed no constitutional or statutory right to a particular job assignment or wage while incarcerated in a penal institution. On November 12, the appellees' demurrer was heard by telephonic conference. The district court, on November 13, sustained the demurrer, concluding that neither the Constitution nor state law creates a protected property or liberty interest in prison employment.

In his appeal to this court, the appellant's only assignment of error is that the district court erred in sustaining the appellees' demurrer and dismissing the appellant's petition.

In testing whether a petition which has been challenged by a demurrer states a cause of action, a court is required to accept as true all the facts which are well pled, together with the proper and reasonable inferences of law and fact which may be drawn therefrom; a court does not, however, accept as true the conclusions of the pleader. *Reimer v. K N Energy, Inc.*, 223 Neb. 142, 388 N.W.2d 479 (1986). The appellant's petition states that on February 11, 1986, he was dismissed from his position in the property control department at the penitentiary and reassigned to the housing unit utility porters, at a rate of $1.05 per day. The appellant, at the time of his removal, had been assigned to the property control department for more than 5 years and was paid $3.29 per day.

The appellant received no notice as to the basis for his job reassignment, nor was he given a hearing. On February 12, in response to the appellant's inquiry, Larry Wayne, the appellant's housing unit manager, informed the appellant that Deputy Warden Harold W. Clarke had told him that only penitentiary staff would work in the property control department. The appellant then submitted a "step one

grievance" to Warden Gary E. Grammer. On February 27, Warden Grammer responded, saying that "[y]ou were removed from your position in Property Control because you were inappropriately involved in dealing with other offender's property at your work location. Due to this involvement, you have been reassigned to Housing Unit Utility at $1.05 per day, and will remain so assigned." However, the appellant was never formally charged with any prison rule infraction relating to his work in the property control department.

Thereafter, the appellant filed a "step two grievance" with Frank Gunter, the director of the Nebraska Department of Correctional Services, appealing Warden Grammer's decision. On March 12, Gunter responded, stating:

The Penitentiary administration obtained evidence that you had converted the property of other inmates to your own use and to the use of third party inmates. The fact that a disciplinary report was not prepared charging you with such an offense does not preclude the Penitentiary administration from taking a lesser action such as changing your job assignment and rate of pay.

In addition, the appellant filed a complaint with the office of the Public Counsel. On March 24, Warden Grammer sent a letter to the office of the Public Counsel, stating the following:

An administrative decision was made to unassign all the inmates working in the Property Control area and not to work inmates in that area anymore.

The decision was arrived at after we learned that some inmates assigned to Property Control were involved in stealing and selling or simply giving away the property of other inmates stored therein.

Currently, only penitentiary staff is authorized to handle inmate property.

Our review of the appellant's petition shows that he was attempting to establish one cause of action: that his dismissal from his prison job and subsequent reassignment to a job with a lower rate of pay violated his right to due process of the law.

"It is well established that prisoners have only narrowly defined liberty interests, for imprisonment necessarily retracts many of the liberties of the free." *Lyon v. Farrier*, 727 F.2d 766,

768 (8th Cir. 1984), *cert. denied* 469 U.S. 839, 105 S. Ct. 140, 83 L. Ed. 2d 79, citing *Hewitt v. Helms*, 459 U.S. 460, 103 S. Ct. 864, 74 L. Ed. 2d 675 (1983). It is also clear that the Constitution does not create a property or liberty interest in prison employment. *Ingram v. Papalia,* 804 F.2d 595 (10th Cir. 1986). The U.S. Court of Appeals for the Eighth Circuit said the following in *Lyon v. Farrier, supra* at 769:

> The inmates also claim that the district court committed error in determining that their due process rights were not violated by the failure of prison officials to reinstate them in their prison jobs with back pay. Inmates have no constitutional entitlement to tenure in prison jobs. *Garza v. Miller*, 688 F.2d 480, 486 (7th Cir.1982), *cert. denied*, ____ U.S. ____, 103 S.Ct 796, 74 L.Ed.2d 1000 (1983); *see Gibson v. McEvers*, 631 F.2d 95, 98 (7th Cir.1980). Whatever liberty or property interests inhere in prison employment are the product of state law. *Peck v. Hoff*, 660 F.2d 371, 373 (8th Cir.1981).

To create such interests, state law must use explicitly mandatory language in connection with the establishment of specific substantive predicates limiting the discretion of the decision maker. *Kentucky Dept. of Corrections v. Thompson,* ____ U.S. ____, 109 S. Ct. 1904, 104 L. Ed. 2d 506 (1989). Although the appellant refers to several statutes in his petition, Nebraska law does not create a protected liberty or property interest in prison employment or wage rates. The appellant's assignment of error is without merit.

Accordingly, the judgment of the district court is affirmed.

AFFIRMED.