SANITARY AND IMPROVEMENT DISTRICT NO. 272 OF DOUGLAS COUNTY, NEBRASKA, APPELLANT, V. BERNARD MARQUARDT, AN INDIVIDUAL, ET AL., APPELLEES.

443 N.W.2d 877

Filed August 4, 1989.    No. 87-761.

Steven J. Riekes, of Richards, Riekes, Brown & Zabin, P.C., for appellant.

Eugene L. Pieper, David J. Koukol, and Robert L. Homan, of Thompson, Crounse, Pieper, Wallace and Eggers, P.C., and Dennis E. Martin, of Martin & Martin, for appellees Eggert et al.

HASTINGS, C.J., BOSLAUGH, WHITE, CAPORALE, SHANAHAN, GRANT, and FAHRNBRUCH, JJ.

PER CURIAM.

Plaintiff-appellant, Sanitary and Improvement District No. 272 of Douglas County, challenges the trial court's dismissal of its operative petition for declaratory judgment following the sustainment of demurrers filed by certain of the defendants-appellees. We affirm in part, and in part reverse and remand for further proceedings.

The aforesaid petition names 2 corporate and 31 individual defendants, including "John Doe and Richard Roe, real and

true names unknown," alleging, in sum, that the corporate defendants, M & A Enterprises, Inc., and M & A Irrigation Supplies, Inc., and the three principals of these entities, defendants Bernard Marquardt, George Allison, Jr., and John Hoich, conspired together with defendant David Weyh, an irrigation contractor, and with the former chairman of the district's board of trustees, defendant Francis Sullivan, to defraud the district by devising a scheme to construct an in-ground green space irrigation system in circumvention of the statutory requirements for approval by various duly constituted public bodies of the city of Omaha and county of Douglas. The petition further asserts that the former attorney for the district, defendant Warren Zweiback, breached his fiduciary duty to the district by assisting the scheme; that former district trustees, defendants Rick Cushing, Patrick Kelley, Louise Scolaro, and David Ecklund, breached their fiduciary duties to the district by approving the contracts drawn pursuant to the scheme; that the remaining 21 individual named defendants hold warrants drawn on the district's accounts pursuant to the fraudulent scheme; and that these warrants are void because they were issued as a result of the scheme. The petition names as a defendant "Sam J. Howell, Treasurer of Douglas County," averring that he, as ex officio treasurer of the district, is the individual charged with the duty to pay the district's warrants as they come due.

For the sake of convenience, where appropriate, the various defendants will be referred to hereinafter as follows: defendants Marquardt, Allison, Hoich, M & A Enterprises, M & A Irrigation Supplies, and Weyh as the "contractor defendants"; defendants Sullivan, Cushing, Ecklund, Kelley, Scolaro, and Zweiback as the "board defendants"; and defendants Orville Eggert, Elinor Eggert, Donald W. Pederson, Philip W. Smith, Carol Ann Mellott, Barbara Jo Benson, Suzanne Kay Yost, Don W. Elliott, Jayne E. Eades, Arley A. Westendorf, Darrel Adamson, Marjorie A. Ward, Jacqulyn R. Bandiera, Phyllis L. Phalen, Gale V. Mares, Victor Mares, Walter J. Westendorf, William F. Ginn, Sara F. Ginn, and John Doe and Richard Roe, real and true names unknown, as the "holder defendants."

The petition prays, in essence, that the subject contracts and warrants issued pursuant to them be declared void; that certain of the contractor defendants and all of the holder defendants be enjoined from taking action for the payment of any warrant they own or hold; that defendant Howell be enjoined from paying the subject warrants; that certain of the contractor defendants and all of the board defendants be required to hold the district harmless from any liability it may be found to have with respect to any warrant "declared to be lawful in the hands of an innocent holder"; and that defendant Sullivan restore to the district the value of any favors or gratuities he received in connection with the scheme.

The holder defendants, except for Eades, Bandiera, the Ginns, and, of course, Doe and Roe, filed the demurrers referred to in the first paragraph of this opinion, which demurrers assert that the district's operative petition fails to state a cause of action against them and contains a misjoinder of parties and causes.

The district seems to argue for special relaxation of the rules of pleading in cases seeking relief under the provisions of the Uniform Declaratory Judgments Act, Neb. Rev. Stat. §§ 25-21,149 et seq. (Reissue 1985 & Cum. Supp. 1986). It has, however, long been the rule in this state that " '[t]he use and determination of the demurrer in àctions arising under Declaratory Judgment Act is controlled by the same principles as apply in other cases.' " *Gottula v. Standard Reliance Ins. Co.*, 165 Neb. 1, 4, 84 N.W.2d 179, 182 (1957).

The rules with which we are first concerned are that when considering a general demurrer, that is, one which challenges the sufficiency of the allegations to state a cause of action, the petition is to be liberally construed; if as so construed the petition states a cause of action, the demurrer is to be overruled. *Schoneweis v. Dando*, 231 Neb. 180, 435 N.W.2d 666 (1989). More specifically, in ruling on a general demurrer, a court is required to accept the truth of facts well pled and the factual and legal inferences which may reasonably be deduced from such facts, but does not accept the conclusions of the pleader. Nor may a court assume the existence of any facts not alleged, find facts in aid of the pleading, or consider evidence which

may be introduced at trial. *Moore v. Grammer,* 232 Neb. 795, 442 N.W.2d 861 (1989); *Security Inv. Co. v. State,* 231 Neb. 536, 437 N.W.2d 439 (1989).

This court has recently observed that a cause of action consists of the fact or facts which give one the right to judicial relief. *Schoneweis v. Dando, supra.* The district maintains that the various holder defendants have in hand warrants it issued between June 13, 1984, and December 11, 1985, pursuant to fraudulent contracts, for which reason the warrants are void, and that these warrants, which represent capital expenditures, put the district's "public funds and property . . . in jeopardy." In this connection, we note that Neb. Rev. Stat. § 31-727(5) (Reissue 1988) provides in relevant part:

(c) Capital outlay shall mean expenditures for construction or reconstruction of major permanent facilities having an expected long life, including, but not limited to, street paving and curbs, storm and sanitary sewers, and other utilities;

(d) Warrant shall mean an investment security under Article 8 of the Uniform Commercial Code in the form of a short-term interest-bearing order payable on a specified date issued by the board of trustees or administrator of a sanitary and improvement district to be paid from funds expected to be received in the future, including, but not limited to, property tax collections, special assessment collections, and proceeds of sale of general obligation bonds.

The first import of the holder defendants' demurrers is that even if the facts are as the district alleges, its obligation to them on the warrants in their hands is unaffected; in short, that the district has no defense to its obligation to pay on the warrants in the holder defendants' hands. Our first task, then, is to examine the character of the subject warrants.

Sanitary and improvement district warrants are investment securities under article 8 of the Uniform Commercial Code. See, *Hollstein v. First Nat. Bank of Aurora,* 231 Neb. 711, 437 N.W.2d 512 (1989); *S.I.D. No. 32 v. Continental Western Corp.,* 215 Neb. 843, 343 N.W.2d 314 (1983); § 31-727(5)(d).

The district is a municipal corporation, *In re Application of*

*S.I.D. No. 65*, 219 Neb. 647, 365 N.W.2d 456 (1985), and a political subdivision of the state, *Hollstein v. First Nat. Bank of Aurora, supra*, and, as such, is a "government or governmental agency or unit" which has identified itself as the "issuer" of the warrants in question. Neb. U.C.C. § 8-202 (Reissue 1980) provides in relevant part as follows:

(2) (a) A security other than one issued by a government or governmental agency or unit even though issued with a defect going to its validity is valid in the hands of a purchaser for value and without notice of the particular defect unless the defect involves a violation of constitutional provisions in which case the security is valid in the hands of a subsequent purchaser for value and without notice of the defect.

(b) The rule of subparagraph (a) applies to an issuer which is a government or governmental agency or unit only if *either* there has been substantial compliance with the legal requirements governing the issue *or* the issuer has received a substantial consideration for the issue as a whole *or* for the particular security *and* a stated purpose of the issue is one for which the issuer has power to borrow money or issue security.

. . . .

(4) All other defenses of the issuer including nondelivery and conditional delivery of the security are ineffective against a purchaser for value who has taken without notice of the particular defense.

(Emphasis supplied.)

The foregoing statutory language makes clear that none of the events which validate an otherwise defective governmental investment security apply unless the warrants in question are in the hands of purchasers for value and without notice of the claimed defect. While the operative petition asserts that

by reason of the fact that minutes of the District were improperly kept and were misleading, the citizens and taxpayers of said District, and the public in general, did not know, and could not have known, the true state of affairs regarding the transactions above-mentioned until after exposure thereof by the Omaha World Herald on

April 27, 1986,

it alleges nothing from which it can be inferred that each holder defendant gave value for the warrant or warrants he or she possesses. That being so, the district's petition presents a colorable defense to its obligation on the warrants in the hands of the holder defendants and therefore states a cause of action against them.

We thus turn our attention to the special demurrers, which assert the district has misjoined parties and causes of action. Neb. Rev. Stat. § 25-701 (Reissue 1985) provides that a plaintiff may "unite several causes of action in the same petition" if, so far as is relevant to this present case, the causes involve the "same transaction or transactions connected with the same subject of action" or concern "contracts, express or implied." However, Neb. Rev. Stat. § 25-702 (Reissue 1985) limits the foregoing by providing that, but for an exception not material to the inquiry now before us, "the causes of action so united must affect all parties to the action." Therefore, causes of action involving different defendants cannot be joined unless each cause affects all the defendants and they have a joint or common liability or interest. *Ravenna Bank v. Custom Unlimited*, 223 Neb. 540, 391 N.W.2d 557 (1986). In determining whether more than one cause of action is stated, the main test is whether more than one primary right or subject of controversy is presented, other tests being whether recovery on one ground would bar recovery on the other, whether the same evidence would support different counts, and whether separate actions could be maintained for separate relief. *Brchan v. The Crete Mills*, 155 Neb. 505, 52 N.W.2d 333 (1952); *Sickler v. City of Broken Bow*, 143 Neb. 542, 10 N.W.2d 462 (1943).

There is nothing in the operative petition from which it can be inferred that all the holder defendants participated in the alleged acts of the board or of the contracting defendants, and thus nothing which creates in the holder defendants a joint or common liability with those other defendants. In addition, the petition before us presents numerous subjects of controversy, including the claimed fraud in entering into the contracts at issue, the alleged breach of various fiduciary duties, and whether each holder defendant is a purchaser for value without

notice. Nor does the district seek the same relief from all the defendants; it asks indemnity from some but not others and endeavors to enjoin some but not all. Thus, the conclusion that the petition before us misjoins both parties and causes of action is inescapable.

For the foregoing reasons, we affirm the ruling of the district court on the special demurrers and reverse its ruling on the general demurrers. Accordingly, the matter is remanded to the district court for further proceedings under the provisions of Neb. Rev. Stat. § 25-809 (Reissue 1985).

AFFIRMED IN PART, AND IN PART REVERSED AND
REMANDED FOR FURTHER PROCEEDINGS.

CAPORALE, J., dissenting in part.

I agree that the operative petition of Sanitary and Improvement District No. 272 of Douglas County misjoins parties and causes of action. I further agree with the majority's conclusion that Neb. U.C.C. § 8-202 (Reissue 1980) validates defective governmental investment securities only in the hands of purchasers for value and without notice. I part company with the majority only as to the burden of pleading, and ultimately the burden of proof, imposed by § 8-202 in a suit for declaratory judgment.

The majority reasons that as the petition "alleges nothing from which it can be inferred that each holder defendant gave value for the warrant or warrants he or she possesses," the district has alleged "a colorable defense to its obligation on the warrants" and has thus stated a cause of action. This approach overlooks the unique posture of this case, in which the district seeks a declaration that it is excused from paying the warrants in the hands of the holder, or demurring, defendants. It seems to me that because the district seeks such a declaration, it must affirmatively allege either that such defendants did not pay value for the warrants in their hands or that they had notice of the claimed defect in the issuance of the warrants.

By analogy, if an insurer seeks a judgment declaring that it has no duty to defend or indemnify an insured, the insurer has the burden of establishing that the event falls within the policy's exceptions to or exclusions from coverage. This is so because, in filing a petition for declaratory judgment relieving it of liability

on the policy, the insurer is relying on what would otherwise be an affirmative defense. See, *Concord Insurance Co. v. Miles*, 118 N.J. Super. 551, 289 A.2d 267 (1972); *Republic Casualty Company v. Obregon*, 290 S.W.2d 267 (Tex. Civ. App. 1956) (writ of error refused).

In so saying, I am not unmindful that Neb. U.C.C. § 8-105 (Reissue 1980) provides, in any action on a security after it is shown that a defense or defect exists, "the plaintiff has the burden of establishing that he or some person under whom he claims is a person against whom the defense or defect is ineffective." I recognize, too, that the comments following this section of the code state that the above language makes the rule stated in Neb. U.C.C. § 3-307 (Reissue 1980), dealing with negotiable instruments, applicable to securities. Section 3-307(3) provides: "After it is shown that a defense exists a person claiming the rights of a holder in due course has the burden of establishing that he or some person under whom he claims is in all respects a holder in due course." However, the foregoing statutory language and comments contemplate the usual litigation posture in which the holder plaintiff seeks to recover on a security in his or her hands, and the issuer defendant seeks to avoid liability by raising a defense or defect. In such an instance, it becomes the plaintiff's burden to show that he or she is a purchaser for value and without notice. Here, however, the posture is the reverse of the usual situation: the issuer district has sued for a judgment declaring it is not liable. Logic therefore dictates that the burdens of pleading and proof be reversed as well.

By asserting that none but the perpetrators of the fraud could have known of its existence, the district has alleged, in effect, that the demurring defendants had no notice of the fraud. That leaves the question of what in the petition asserts that the demurring defendants did not pay value for the warrants they possess. The answer is—nothing. Nor does the majority pretend otherwise. Indeed, the petition itself acknowledges that at least some of the demurring defendants may be purchasers for value, as it prays that certain other defendants indemnify the district from any liability it may be found to have to "an innocent holder."

Accordingly, the operative petition fails to state a cause of action, and the court below correctly dismissed it. The judgment below should therefore be affirmed in its entirety.

SHANAHAN, J., joins in this dissent.