MICKEY J. LARSON, A MINOR CHILD, BY AND THROUGH HIS NATURAL PARENTS, JODY M. LARSON AND STEVEN LARSON, AS NEXT FRIENDS AND NATURAL GUARDIANS, ET AL., APPELLANTS, V. DAVID F. DEMUTH, M.D., ET AL., APPELLEES.

564 N.W.2d 606

Filed June 20, 1997. No. S-95-1039.

Daniel B. Cullan and Paul W. Madgett, of Cullan & Cullan, for appellants.

James A. Snowden and, on brief, Samantha B. Trimble, of Knudsen, Berkheimer, Richardson, Endacott & Routh, for appellees Demuth; Steven Thomas, M.D.; and York Medical Clinic, P.C.

William M. Lamson, Jr., and William R. Settles, of Kennedy, Holland, DeLacy & Svoboda, for appellee Laurence Bausch, M.D.

Mark A. Christensen and Gregory S. Heier, of Cline, Williams, Wright, Johnson & Oldfather, for appellee St. Elizabeth Community Health Center.

WHITE, C.J., CAPORALE, CONNOLLY, GERRARD, and McCORMACK, JJ., and BOSLAUGH, J., Retired.

McCORMACK, J.

This is an appeal from a demurrer sustained by the district court for Lancaster County, finding that "the causes of action . . . do not affect all the parties and do not involve a common liability or interest."

## FACTS

The operative petition alleges the following: The appellant Mickey J. Larson is a minor child and therefore brings this action by and through his parents, natural guardians, and next friends, appellants Steven Larson and Jody M. Larson. Mickey was born on July 2, 1992, at York General Hospital (York General) in York, Nebraska. Upon noting the abnormally slow

labor, the fetal distress, and the failure of the baby to enter the pelvis during delivery, David F. Demuth, M.D., requested that Steven Thomas, M.D., assist in the delivery. Both Demuth and Thomas were employed by York Medical Clinic, P.C. (York Medical). Thomas delivered the baby through the pelvis with the use of forceps, although Thomas and Demuth knew that a forceps delivery could create a serious risk of traumatic brain damage to the baby. Thomas did not make a report of the forceps operation. Allegedly as a result of the forceps delivery, Mickey sustained permanent and severe brain injuries, including hypoxic ischemic encephalopathy, a tentorial subdural hematoma, and associated seizures. Demuth and Thomas allegedly failed to treat the injured brain to prevent further injury and did not obtain a consultation from a pediatric neurologist. This failure allegedly caused progressive brain swelling and brain damage.

Mickey was then transferred to St. Elizabeth Community Health Center, Inc. (St. Elizabeth), in Lincoln, Nebraska, a medical facility which held itself out as one which could care for and treat babies with severe neurological difficulties and one which invited other medical providers to transfer such patients to its facility for treatment and care. At St. Elizabeth, Mickey was placed under the care of Lawrence Bausch, M.D. St. Elizabeth and Bausch created and furnished to referral health care providers a newborn transfer record to be completed upon transfer. Demuth was not trained to fill out this record.

Demuth, Thomas, York Medical, and York General allegedly failed to provide complete and accurate records to Bausch and St. Elizabeth concerning the traumatic delivery. Bausch and St. Elizabeth allegedly failed to take appropriate measures to obtain complete and accurate records. Prior to Mickey's transfer to St. Elizabeth, St. Elizabeth and Bausch failed to request brain films at York General to determine the nature of Mickey's subdural hematoma. Demuth, Thomas, and York General also failed to obtain brain films for this determination. Mickey was transferred in an unstable condition. As a result of Demuth, Thomas, York Medical, and York General's alleged failure to provide this information, and Bausch and St. Elizabeth's failure to obtain this information, Bausch's evaluation and testing was

centered on genetic causes for Mickey's injuries instead of on the birth trauma.

The petition further alleged that St. Elizabeth allegedly failed to properly monitor Mickey for seizures, examine him for birth trauma, diagnose his birth trauma, treat his seizure disorder, and ensure that timely antiseizure medication be administered. On July 21, 1994, Bausch and St. Elizabeth released Mickey to the care of his parents without arranging to monitor his condition or to refer him to other pediatric specialists.

The suit asserts several causes of action against Demuth, Thomas, York Medical, and York General (York appellees). The suit also asserts several causes of action against Bausch and St. Elizabeth (Lincoln appellees). Appellants' action for medical malpractice asserts that the appellee physicians and hospitals were negligent and deviated from the standard of care in the medical treatment rendered to Mickey during his birth and for the first critical month of his life.

Appellants filed their third amended petition in the district court for Lancaster County on April 18, 1995, joining the York and Lincoln appellees pursuant to Neb. Rev. Stat. § 25-701 (Reissue 1995). Appellees specially demurred, claiming that the several causes of action were improperly joined. The district court sustained the demurrers, ordering appellants to file either (1) an amended petition striking all reference to the York appellees, (2) an amended petition striking all reference to the York appellees and a separately docketed action against the York appellees, or (3) a notice of appellants' intention to stand on the present petition. Appellants elected to stand on their third amended petition. Thereafter, the district court dismissed the third amended petition, and appellants filed this appeal.

## ASSIGNMENTS OF ERROR

Appellants assign as error the trial court's (1) finding that the causes of action did not involve a common liability or interest and did not affect all the parties, (2) requirement that all appellees have a "common liability or interest" in order for the causes of action to be properly joined, (3) finding that appellants had more than one cause of action in their third amended petition, (4) granting of appellees' special demurrer based on

misjoinder of causes of action, (5) finding that a separately docketed action against the York appellees would not be properly venued in Lancaster County, (6) finding that the action against the York appellees would be transferable as a matter of right to York County upon the motion of any York appellee, (7) granting of the York appellees' motions to transfer, and (8) dismissal of appellants' third amended petition.

## STANDARD OF REVIEW

In considering a demurrer, a court must assume that the facts pled, as distinguished from legal conclusions, are true as alleged and must give the pleading the benefit of any reasonable inference from the facts alleged, but cannot assume the existence of facts not alleged, make factual findings to aid the pleading, or consider evidence which might be adduced at trial. *Baltensperger v. Wellensiek*, 250 Neb. 938, 554 N.W.2d 137 (1996); *Guzman v. Barth*, 250 Neb. 763, 552 N.W.2d 299 (1996); *Pilot Investment Group v. Hofarth*, 250 Neb. 475, 550 N.W.2d 27 (1996); *Berntsen v. Coopers & Lybrand*, 249 Neb. 904, 546 N.W.2d 310 (1996); *SID No. 57 v. City of Elkhorn*, 248 Neb. 486, 536 N.W.2d 56 (1995); *Calabro v. City of Omaha*, 247 Neb. 955, 531 N.W.2d 541 (1995).

## ANALYSIS

We turn now to the special demurrers and motions to transfer granted by the trial court. Neb. Rev. Stat. § 25-806 (Reissue 1995) provides that a petition is properly demurrable if it misjoins causes of action. Section 25-701 provides that a plaintiff may "unite several causes of action in the same petition" when they involve "[t]he same transaction or transactions connected with the same subject of action." Neb. Rev. Stat. § 25-702 (Reissue 1995), however, limits the actions which may be joined by providing that "the causes of action so united must affect all the parties to the action, and not require different places of trial."

Therefore, the threshold inquiry is whether more than one cause of action is stated in appellants' petition. Whether more than one cause of action is stated depends mainly upon whether more than one primary right or subject of controversy is presented and also upon whether recovery on one ground would

bar recovery on the other, whether the same evidence would support the different counts, and whether separate actions could be maintained for separate relief. *Olsen v. Olsen*, 248 Neb. 393, 534 N.W.2d 762 (1995); *Hoiengs v. County of Adams*, 245 Neb. 877, 516 N.W.2d 223 (1994); *S.I.D. No. 272 v. Marquardt*, 233 Neb. 39, 443 N.W.2d 877 (1989); *Sickler v. City of Broken Bow*, 143 Neb. 542, 10 N.W.2d 462 (1943).

It is clear from the petition that appellants have stated more than one cause of action under the above tests. The several rights and subjects of controversy alleged in the petition include whether the forceps delivery was negligent, whether the York treatment was negligent, whether the Lincoln treatment was negligent, whether Mickey's parents suffered emotional distress, and whether recovery is allowable for loss of companionship. It is also clear that separate actions could be maintained for separate relief against both the York and the Lincoln appellees. Further, the facts alleged in appellants' petition with regard to the first five causes of action against the York appellees are separate and distinct from the facts alleged in the remaining three causes of action against the Lincoln appellees. The fact that there may be some overlap between the relevant facts does not change the conclusion that the various causes of action are based on separate and distinct factual occurrences. *Interholzinger v. Estate of Dent*, 214 Neb. 264, 333 N.W.2d 895 (1983). Thus, we conclude that appellants have stated multiple causes of action.

We have held that causes of action involving different defendants cannot be joined unless each cause affects all defendants and they have a joint or common liability or interest. *Gould v. Orr*, 244 Neb. 163, 506 N.W.2d 349 (1993); *Hecker v. Ravenna Bank*, 237 Neb. 810, 468 N.W.2d 88 (1991); *S.I.D. No. 272 v. Marquardt, supra*; *Ravenna Bank v. Custom Unlimited*, 223 Neb. 540, 391 N.W.2d 557 (1986).

Appellants have misjoined the York appellees and Lincoln appellees in the third amended petition, because the eight causes of action pled neither affect all of the parties nor involve common liability or interest. There is nothing in the operative petition which would support imposing liability on the Lincoln appellees for Mickey's delivery in York, the medical bills

incurred in York, or the emotional distress of Mickey's parents for events in York. Similarly, the petition does not support imposing liability on the York appellees for emotional distress suffered by Mickey's parents for events in Lincoln.

Having determined that appellants misjoined the York and Lincoln appellees, we now turn to appellants' assignments of error regarding transfer of the action. Neb. Rev. Stat. § 25-410 (Reissue 1995) provides that "[f]or the convenience of the parties and witnesses or in the interest of justice, a district court of any county may transfer any civil action to the district court of any other county in this state." We have held that where a record does not show abuse of discretion, a ruling on a motion to transfer venue will not be disturbed on appeal. *Wilson v. Misko*, 244 Neb. 526, 508 N.W.2d 238 (1993); *Everlasting Golden Rule Ch. v. Dakota Title*, 230 Neb. 590, 432 N.W.2d 803 (1988); *Bittner v. Miller*, 226 Neb. 206, 410 N.W.2d 478 (1987); *Johnsen v. Parks*, 189 Neb. 712, 204 N.W.2d 804 (1973). It is clear that parties and witnesses to the York action are located in York, Nebraska. It is also clear that both York and Lincoln witnesses would have to testify regardless of whether the case was tried in York or Lincoln. In this case, we find no abuse of discretion by the trial court.

Finally, we turn to appellants' assignment of error with regard to the dismissal of his petition. When a demurrer to a petition is sustained, the court must grant leave to amend unless it is clear that no reasonable possibility exists that an amendment will correct the defect. *Thrift Mart v. State Farm Fire & Cas. Co.*, 251 Neb. 448, 558 N.W.2d 531 (1997); *Baltensperger v. Wellensiek*, 250 Neb. 938, 554 N.W.2d 137 (1996). In the present case, appellants were given an opportunity to amend their petition, but chose instead to stand on the petition. Having determined that the causes of action in appellants' petition did not affect all parties and did not involve a common liability or interest, we hold that the district court properly dismissed the petition.

As we find that more than one cause of action was pled in that petition and that all causes of action did not affect all parties nor involve a common liability or interest, the judgment of the district court is affirmed.

AFFIRMED.

WRIGHT and STEPHAN, JJ., not participating.